IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GREGORY CHURCHILL, ROBERT DELOACH JONATHAN RICHARD, SANDRA CREWS JASON SMITH, KIM LINNEMAN, CONNIE HEDGES, ELIZABETH BAVERY, CHARLES ROWSEY, KATIE BABCOCK, ANDREW WREN, CHARLES FURMAN, YVONNE HAMMOND, TRACY CASSIDAY, CHRISTOPHER CASSIDAY, KELLY MIZE, KATHY HILLIER, CONCHETTA BUTLER, DANIELLE FLORENCE, STACEY BURGESS, KEVIN WINKING and MELISSA MILLER on behalf of themselves and all other similarly situated individuals, | FILED APR 1 8 2006 JOHN M. WATERS, Clerk U.S. DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS |
| Plaintiffs, | Docket No. 06-4023 |
| v. | |
| FARMLAND FOODS, INC.: | Complaint-Class Action |
| Defendant. | JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiffs, on behalf of themselves and other similarly situated individuals, by and through their undersigned counsel, for their Class Action Complaint against Defendant Farmland Foods, Inc. (herein referred to as "Farmland"), allege, upon information and belief, except as to the allegations that pertain to the named Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

**I. INTRODUCTION**

1.   This is a class action brought by Plaintiffs on behalf of themselves and all other similarly situated current and former production and support employees of Farmland

Foods, Inc., at its facility in Monmouth, Illinois for the purpose of obtaining relief under Illinois law for, *inter alia*, unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief. The named Plaintiffs also bring individual actions under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

2.     Plaintiffs are employees of Farmland's pork processing facility located in Monmouth, Illinois. Defendant has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by Illinois law.

3.     The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, and sanitizing sanitary and safety equipment and clothing, obtaining tools, equipment and supplies necessary for the performance of their work, "working" steels and all other activities in connection with these job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks.

## II.     JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction in this matter over Plaintiffs' state law class claims pursuant to 28 U.S.C. § 1332(d) since the matter is a class action in which the aggregate claims of the individual class members exceeds the sum or value of $5,000,000 exclusive of interest and costs and Defendant Farmland is not a citizen of the State of Illinois as defined by 28 U.S.C. § 1332(c).

5.  Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Farmland resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

### III. PARTIES

6.  Plaintiff Gregory Churchill is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case. Mr. Churchill presently resides at 1018 N. 6th Street, Apt. D-5, Monmouth, IL 61462.

7.  Plaintiff Robert DeLoach is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case. Mr. DeLoach presently resides at 1592 East North Street, Galesburg, IL 61401.

8.  Plaintiff Jonathan Richard is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case. Mr. Richard presently resides at 1463 East North Street, Galesburg, IL 61401.

9.  Plaintiff Sandra Crews is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case. Ms. Crews presently resides at 353 Knox Road 2200 North, Wataga, IL 61488.

10. Plaintiff Jason Smith is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case. Mr. Smith presently resides at 353 Knox Road 2200 North, Wataga, IL 61488.

11. Plaintiff Kim Linneman is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case. Ms. Linneman presently resides at P.O. Box 53, Biggsville, IL 61418.

12. Plaintiff Connie J. Hedges is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case. Ms. Hedges presently resides at 1018 N. 6th Street, Apt. D-5, Monmouth, IL 61462.

13. Plaintiff Elizabeth Bavery is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at P.O. Box 1101, Oquawka, IL 61469.

14. Plaintiff Charles Rowsey is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 311 South 4th Street, Monmouth, IL 61462.

15. Plaintiff Katie Babcock is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 194 90th Street, Roseville, IL 61473.

16. Plaintiff Andrew Wren is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 2412 15th Avenue, Alexis, IL 61412.

17. Plaintiff Charles V. Furman is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 360 S. Hall Street, Roseville, IL 61473.

18. Plaintiff Yvonne Hammond is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 2412 15th Avenue, Alexis, IL 61412.

19. Plaintiff Tracy R. Cassiday is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 1060 E. 5th Avenue, Monmouth, IL 61462.

20. Plaintiff Christopher Cassiday is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 1060 E. 5th Avenue, Monmouth, IL 61462.

21.   Plaintiff Kelly Mize is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 1033 S. B Street, Monmouth, IL 61462.

22.   Plaintiff Kathy C. Hillier is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case. Ms. Hillier presently resides at RR1, Box 204, Gladstone, IL 61437.

23.   Plaintiff Conchetta Butler is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 313 East Broadway, Apt. 1, Monmouth, IL 61462.

24.   Plaintiff Danielle Florence is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 223 S. 6th Street, Apt. 1, Monmouth, IL 61462.

25.   Plaintiff Stacey Burgess is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 800 E. 2nd Avenue, Monmouth, IL 61462.

26.   Plaintiff Michelle Darmer is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 210 N. Cherry, Abingdon, IL 61410.

27.   Plaintiff Kevin Winking is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 600 Main Street, Roseville, IL 61473.

28.   Plaintiff Melissa Miller is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 306 S. 8th Street, Keithsburg, IL 61442

29   Plaintiffs bring this class action for all state law claims on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Farmland's pork processing facility located in Monmouth, Illinois. ("Class members"). Moreover, the named Plaintiffs assert individual federal claims under the Fair Labor Standards Act.

30. Defendant Farmland is a Kansas corporation who operates numerous pork processing facilities located throughout the United States, including one in Monmouth, Warren County, Illinois. Defendant Farmland is a corporation engaged in interstate commerce and in the production of goods for commerce in these and various other locations throughout the United States. Farmland can be served with original service of process through its agent for service, CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604-1101.

IV.     **CLASS ACTION ALLEGATIONS**

31. The Named Plaintiffs are individuals who, within the applicable period of limitations prior to the commencement of this action, were employed by Farmland in Illinois. This matter is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(1)(A) and (B), and Rule 23(b)(3), on behalf of a Class consisting of: current and former production and support employees of Farmland at its facility in Monmouth, Illinois (the "Class").

32. Plaintiffs believe that there are at least 3000 present and former production and support employees in the Class during the relevant Class period of April 18, 2001 to the present.

33. Given Defendant Farmland's size and the systematic nature of Farmland's failure to comply with Illinois statutory law and common law, the members of the Class are so numerous that joinder of all members is impractical.

34. The Named Plaintiffs' claims are typical of the claims of the Class members because they were hourly production and support workers who, like the Class members,

6

sustained damages arising out of Defendant's unlawful compensation system as described in more detail herein.

35. Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action wage and hour litigation.

36. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiffs and the Class are:

    a. Whether the work performed by Plaintiffs and the Class is included in the type of work Farmland employed Plaintiffs and the Class to perform;

    b. Whether the work performed by Plaintiffs and the Class is compensable under Illinois law;

    c. Whether Defendant has engaged in a pattern and/or practice in Illinois of forcing, coercing, and/or permitting Plaintiffs and the Class to perform work for Defendant's benefit which was not compensated;

    d. Whether Defendant has failed to permit meal and rest periods as required by Illinois law, other applicable regulations, and/or Defendant's stated policies;

    e. Whether Defendant has failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

    f. Whether Defendant has failed to keep true and accurate time records for all hours worked by its employees as required by Defendant's policies and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq.

g.  Whether Defendant failed to pay Plaintiffs and the Class for all of the work Defendant required them to perform;

h.  Whether Defendant violated the Illinois Minimum Wage Law;

i.  Whether Defendant violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.; and

j.  The nature and extent of class-wide injury and the measure of damages for the injury.

37. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendant's own records.

38. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

8

40. Without a class action, Defendant will likely retain the benefit of its wrongdoing and will continue a course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

V. **PRELIMINARY ALLEGATIONS**

41. Defendant Farmland owns and operates a pork processing facility in Monmouth, Illinois. The complained of unlawful compensation system at issue in this Complaint has affected Defendant's present and former production and support employees at this location.

42. Under Farmland's wage compensation system, Farmland pays Plaintiffs and Class members who are production employees only during the time that they are present on the actual production assembly line under a system known as "gang time." Conversely, Farmland, as a matter of policy and practice, does not pay its employees for required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as donning and doffing clothing, protective equipment, cleaning and sanitizing that equipment, walking to the production line from their locker and vise-versa after already performing compensable activities and before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives, supplies tools and equipment needed for production line activities. Farmland also requires its employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

9

43. Pursuant to federal regulations and Farmland's own internal policies and procedures, Plaintiffs and Class members are required to wear uniforms and special personal protective equipment ("PPE") for protection and sanitary reasons. Uniforms include shirts, pants and boots. PPE includes, *inter alia*, plastic aprons, belly guards, wrist guards, sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings. Most of Farmland's employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from injury. The PPE and other required gear are also designed to protect Farmland's pork product from contamination by food borne diseases.

44. As a consequence of the compensation system utilized by Defendant Farmland, Plaintiffs and Class members are not paid at the beginning of each shift for the time it takes to don uniforms, obtain gear, maintain gear, walk to sanitation stations and sanitize the required PPE, walk to productions areas and don PPE.

45. At the beginning of each work day, Plaintiffs and Class members are required to report to their lockers to don their uniforms. Production employees must then obtain their PPE, walk to storage areas and obtain knives and other gear, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their gear, walk to the production lines and don the PPE <u>before</u> paid time begins. These employees are not paid for this work time.

46. Pursuant to Farmland's compensation system, employees are not compensated for time spent before or after paid time working steels or mousetraps, which is a necessary task for the performance of their job.

10

47. During their unpaid lunch and other paid or unpaid breaks, Plaintiffs and Class members have to remove their PPE and then re-don it at the end of breaks. These employees are not paid for this work time.

48. According to Farmland's compensation system, Plaintiffs and Class members are not paid during the time prior to and during their meal and rest periods, during which time they doff their PPE. Similarly, Plaintiffs and Class members are not paid at the end of meal and rest periods for the time they spend donning their PPE for continued work in production areas.

49. After the end of paid time, employees must finish their work on production and other activities, walk to wash stations, doff their PPE, wait in line to wash the PPE, knives and other gear, walk to their lockers, doff their uniforms and stow the uniforms, PPE, knives and other gear.

50. According to Farmland's compensation system, Plaintiffs and Class Members are not paid during the time after "gang time" (when compensation stops) although they continue to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear, walk to lockers, doff uniforms and stow gear and uniforms.

51. As a result of Farmland's compensation system, and other practices and policies followed by Defendant, Plaintiffs and Class members are not paid for all of the time which they work presently and they have not been paid for all of the time they have worked for several years.

52. Plaintiffs and all Class members are similarly situated individuals who worked at and/or continue to work at Defendant's pork processing facility in Monmouth, Illinois

11

and who were and/or continue to be deprived of their lawful wages under Illinois law in the same manner.

53.    The facts and circumstances relating to Farmland's compensation system vis-à-vis production time and employment related activities prior to paid production time and after paid production time present common questions of law and fact pursuant to Fed.R.Civ.P. 23.

54.    The claims of the named Plaintiffs are typical of the claims of approximately 3000 similarly situated current and former employees. The named Plaintiffs are adequate representatives of those similarly situated employees in that the named Plaintiffs' claims are identical to the claims of the similarly situated employees and former employees.

55.    The Defendant's failure to pay Plaintiffs and Class members their lawful wages was and is willful. Defendant Farmland knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

56.    Despite its knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under both state and federal law, Defendant Farmland has taken no steps to compensate workers at its Monmouth, Illinois facility for this time.

57.    Defendant Farmland also unlawfully deducts $2.25 per week from each employee for laundering uniforms, as well as amounts taken from employees' wages to compensate Defendant for lost or damaged gear. Upon information and belief, Farmland never obtained a wage deduction authorization that would allow them to make such a deduction of wages from Farmland employees.

12

V.   **CAUSES OF ACTION**

**COUNT I**

**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
802 ILCS 105/1 et seq.
All Class Members v. Farmland**

58.   Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

59.   Upon information and belief, the Class period for this cause of action is at least April 18, 2003 to the present.

60.   Defendant Farmland is required to compensate employees in the manner prescribed by The Illinois Minimum Wage Law, 802 ILCS 105/4 (establishment of minimum wage).

61.   Defendant Farmland is required to compensate employees who work more than forty hours a week at a rate not less than 1 ½ times the regular straight time rate at which the employees are employed. See, The Illinois Minimum Wage Law, 802 ILCS 105/4a (overtime compensation).

62.   As a result of Defendant's unlawful acts, Plaintiffs and class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with statutory interest, costs and attorneys' fees.

63.   Plaintiffs and class members worked many hours without having been paid by Defendant on a weekly basis. Had that work been recorded as paid time, at least some Plaintiffs and class members would have worked over forty hours a week and been entitled to be paid one and a half times their regular hourly wages for all time worked in excess of forty hours per week.

WHEREFORE, Plaintiffs and all other similarly situated pray for the following relief against Defendant Farmland:

A. That this Court enter an Order certifying this action as a class action;

B. That this Court Order an accounting of lost wages for Plaintiffs and all others similar situated;

C. That this Court declares that Defendant Farmland's wage payment and overtime practices are unlawful;

D. That this Court enjoin Defendant Farmland from continuing to commit unlawful practices related to wages; and

E. That this Court award lost wages, lost overtime wages, statutory penalties, interest, costs and attorney's fees.

## COUNT II

## VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

## 820 ILCS 115/1 et seq.

### All Class Members v. Farmland

64. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

65. Upon information and belief, the Class period for this cause of action is at least April 18, 2001 to the present.

66. As previously described, Defendant Farmland has failed to pay Plaintiffs their hourly rate of pay for all hours of work they performed as required by Illinois law. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, and sanitizing sanitary and safety equipment and uniforms, obtaining tools,

equipment and supplies necessary for the performance of their work, "working" steels and mousetraps and performing all other activities in connection with these job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks.

67. Defendant Farmland's failure to pay Plaintiffs for these activities is violative of the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 et seq.

68. Defendant has also unlawfully deducted amounts from employees' paychecks without obtaining the written authorization required by Illinois law.

69. As a result of Defendant Farmland's repeated violations of the IWPCA, Plaintiffs and class members have not received wages to which they were entitled under Illinois law. Accordingly, Plaintiffs and others similarly situated are entitled to their unpaid wages, penalties, costs and attorney's fees.

WHEREFORE, Plaintiffs and all other similarly situated pray for the following relief against Defendant Farmland:

A. That this Court enter an Order certifying this action as a class action;

B. That this Court Order an accounting of lost wages for Plaintiffs and all others similar situated;

C. That this Court enjoin Defendant Farmland from continuing to commit unlawful practices related to wages; and

D. That this Court award lost wages, lost overtime wages, statutory penalties, interest, costs and attorney's fees.

## COUNT III

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 et seq.**
**All Named Plaintiffs v. Farmland**

70. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

71. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant Farmland was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

72. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant Farmland, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

73. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against Defendant Farmland:

A. That this Court Order an accounting of lost wages for Plaintiffs;

B. That this Court enjoin Defendant Farmland from continuing to commit unlawful practices related to wages; and

C. That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable.

Respectfully submitted,

*[signature]*

JAIRUS M. GILDEN
2711 Eastwood Avenue
Evanston, IL 60201
Phone: (847) 328-8542
Facsimile: (847) 328-8542

BRIAN P. MCCAFFERTY
1617 JFK Boulevard, Suite 640
Philadelphia, PA 19103
Phone: (215) 569-8840
Facsimile: (215) 569-9070

**Attorneys for Plaintiffs**

DATED: April 18, 2006

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS:** Gregory Churchill, et al. See attached list of Plaintiffs

**DEFENDANTS:** Farmland Foods, Inc.

**(b)** County of Residence of First Listed Plaintiff: Warren
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number):
Jairus M. Gilden
2711 Eastwood Avenue
Evanston, IL 60201  (847) 328-8542

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION:** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.
Brief description of cause: Claim for unpaid wages and overtime

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY:** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: 4-17-06

SIGNATURE OF ATTORNEY OF RECORD: Jay Gilden

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____