IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY CHURCHILL | : |
| ROBERT DELOACH | : |
| JONATHAN RICHARD | : Docket No. 4:06-CV-4023 |
| SANDRA CREWS, ET AL. | : Hon. Michael M. Mihm |
| | : |
| Plaintiffs, | : ELECTRONICALLY FILED |
| v. | : |
| | : |
| FARMLAND FOODS, INC. | : CLASS ACTION |
| | : |
| Defendant. | : |

## PLAINTIFFS' RESPONSE TO MOTION OF J.P. MORGAN TRUST COMPANY, NATIONAL ASSOCIATION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs Gregory Churchill, et al., on behalf of themselves and all others similarly situated, and by and through their undersigned attorneys, submits this Opposition to J.P. Morgan Trust Company[1], National Association's ("J.P. Morgan") Motion to Dismiss Plaintiffs' Complaint.

## I. INTRODUCTION

Through the Motion to Dismiss now before the Court, the Plaintiffs have learned that there are two different corporations known as "Farmland Foods, Inc.", one being a now bankrupt Kansas corporation that operated the Monmouth, IL pork processing

---

[1] The moving party is fully identified in its motion as "J.P. Morgan Trust Company, National Association, in its capacity as trustee (the "Liquidating Trustee") of the FI Liquidating Trust and Reorganized FLI, Inc." It is noteworthy that the moving party never refers to itself as "the defendant", which may show that the moving party realized that it was not the correct Defendant. Plaintiff will refer to the moving party throughout as the "J.P. Morgan Trust Company."

plant until approximately 2002 or 2003[2], and a second being a Delaware corporation which is a subsidiary of Smithfield Foods and who is currently operating the Monmouth facility since 2003. The moving party is the trustee of the now bankrupt and defunct Kansas corporation. Because of erroneous Illinois corporate records, Plaintiffs sued the now bankrupt Kansas corporation. The actual Defendant who Plaintiffs intended to sue is the Delaware corporation also known as "Farmland Foods, Inc."

Accordingly, as is outlined in this response, Plaintiffs will file an Amended Complaint pursuant to Rule 15(a) to correctly identify the Defendant as the Delaware corporation known as "Farmland Foods, Inc." rather than the bankrupt Kansas corporation. As explained herein, this Amended Complaint will moot all of the legal issues raised by the moving party J.P. Morgan Trust Company, and thus the Motion To Dismiss should be denied as moot.

## II. FACTS AND PROCEDURAL HISTORY

Twenty-two named Plaintiffs (Gregory Churchill, et al.) initiated this Class Action by filing a Complaint with this Court on or about April 18, 2006 on behalf of themselves and all other similarly situated individuals. The Class Complaint alleged, inter alia, that Defendant Farmland Foods, Inc. has failed for several years to pay Plaintiffs their hourly rate of pay for all hours they worked, including overtime, at Farmland's pork processing plant in Monmouth, IL. (See, Plaintiffs' Complaint at ¶ 2).

---

[2] During their bankruptcy proceedings, the Kansas corporation "Farmland Foods, Inc." sold the Monmouth plant to Smithfield Foods, who created a new Delaware corporation also called Farmland Foods, Inc. to operated the Monmouth plant in 2003.

More specifically, Plaintiffs' Complaint alleges that Defendant Farmland has not paid Plaintiffs and other similarly situated employees for time spent: preparing, donning, doffing, and sanitizing sanitary and safety equipment and clothing and all other activities in connection with those job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks. (See, Plaintiffs' Complaint at ¶ 3). Based upon these factual allegations, Plaintiffs' Complaint alleges causes of action against Farmland for: (Count I) Violation of the Illinois Minimum Wage Law, 802 ILCS 105/1 et seq.; (Count II) Violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.; and (Count III) Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

Shortly after filing their Complaint, pursuant to an April 19, 2006 Order from the Court, Plaintiffs filed a supplemental complaint adding additional corporate information regarding Defendant Farmland Foods, including the Defendant's state of incorporation and principal place of business. Plaintiffs subsequently on May 12, 2006 served a Kansas corporation called "Farmland Foods, Inc." at its Illinois registered agent for service (according to Illinois state corporate records) at CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604-1101. To be clear, Plaintiffs sued the Kansas corporation known as "Farmland Foods, Inc" because the entity currently operating the Monmouth, IL pork processing plant still refers to itself as "Farmland Foods, Inc." and indeed Plaintiffs' pay stubs indicate that they are being paid by an entity called Farmland Foods, Inc. (See, **Plaintiffs' Exhibit "A"** attached hereto which is a copy of the March 30, 2006 pay stub of Plaintiff Andrew Wren indicating that he is

being paid by "Farmland Foods, Inc.").

On May 31, 2006, the moving party J.P. Morgan Trust Company filed the Motion To Dismiss Plaintiffs' Complaint now pending before this Court. Plaintiffs hereby submit this response to J.P. Morgan's motion, in which Plaintiffs will establish that, through no fault of their own, they served the wrong "Farmland Foods" entity, such that the bankrupt Kansas corporation "Farmland Foods" entity now trusteed by J.P. Morgan is not the entity currently operating the Monmouth, IL pork processing plant.

Plaintiffs will also establish that they will cure this service problem by amending their complaint to correctly identify the Defendant as "Farmland Foods, Inc., a Delaware corporation and subsidiary of Smithfield Foods", who can be served with original process at its resident agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. The amended complaint will make clear that the entity being sued is not the bankrupt Kansas corporate entity now trusteed by J.P. Morgan Trust Company, and thus the Motion to Dismiss filed by J.P. Morgan should be considered by the Court as Mooted by the forthcoming Plaintiffs' Amended Complaint.

## III. ARGUMENT

### A. The Moving Party J.P. Morgan Trust Company As Trustee For The Bankrupt Entity Farmland Foods, Inc, a Kansas Corporation, Is Not The Entity Currently Operating The Monmouth Illinois Pork Processing Plant And Thus They Are Incorrectly Identified As The Defendant In Plaintiffs' Complaint.

The Plaintiffs in this case seek compensation for unpaid time pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as well as certain Illinois wage and hour state laws. As such, the entity they intended to sue is their current

employer who operates the Monmouth, IL pork processing plant. That entity, according to their recent Plaintiff pay stubs (See **Plaintiffs' Exhibit "A"**), refers to itself as "Farmland Foods, Inc". Since the entity Plaintiffs intended to sue operates in the State of Illinois, Plaintiffs' counsel understandably referred to Illinois corporation records in order to locate the state of incorporation, principal place of business and agent for service for "Farmland Foods, Inc.". The only "Farmland Foods, Inc." currently listed in Illinois' corporate records is the bankrupt Kansas corporation who is trusteed by moving party J.P. Morgan Trust Company.

Not knowing about the bankruptcy, Plaintiffs' counsel made the reasonable assumption that the "Farmland Foods" currently operating the Monmouth plant was the same Kansas corporation identified as "Farmland Foods, Inc." listed in Illinois' corporate records. Thus, Plaintiffs filed suit against "Farmland Foods, Inc." and identified the Defendant as a Kansas corporation who could be served with original process at CT Corporation System in Chicago, IL.

Only after receiving the instant motion did Plaintiffs learn that the bankrupt Kansas corporation "Farmland Foods, Inc." had sold the Monmouth, IL pork processing plant to Smithfield Foods in 2003. Thereafter, Smithfield formed a new <u>Delaware</u> corporation, <u>also called</u> "Farmland Foods, Inc." to operate the Monmouth pork processing plant, but inexplicably they did not register this entity with the State of Illinois Secretary of State. Thus, not finding the Delaware corporation "Farmland Foods, Inc." in the Illinois corporate records, Plaintiffs were not aware that they had sued the wrong corporate entity until receiving the J.P. Morgan motion to dismiss that is now before the

Court.

It is now clear to the Plaintiffs that the correct entity to be sued, who currently operates the Monmouth, IL pork processing plant, is the Delaware corporation known as "Farmland Foods, Inc." who is a subsidiary of Smithfield Foods and who can be served with original process at their Delaware agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. Accordingly, Plaintiffs will be filing an amended complaint pursuant to Federal Rule of Civil Procedure 15(a), which will correctly identify the Defendant as Farmland Foods, Inc., a Delaware corporation and subsidiary of Smithfield Foods. The amended complaint will also identity that entity's principal place of business as Smithfield, VA, as well as the fact that they can be served with original process through their agent for service in Wilmington, Delaware.

B.  **Plaintiffs' Amended Complaint Will Resolve All Issues Raised In J.P. Morgan's Motion To Dismiss And Thus J.P. Morgan's Motion Will Be Mooted In All Respects.**

Plaintiffs' Amended Complaint will resolve all issues raised in J.P. Morgan's Motion To Dismiss. Moving party J.P. Morgan Trust Company's Motion To Dismiss explains that it is trustee for a Farmland Foods, Inc. entity (the Kansas corporation) and is now bankrupt. All of the issues and defenses raised by J.P. Morgan Trust Company pertain to the fact that this Court would have no jurisdiction over the bankrupt Farmland Foods, Inc. because exclusive jurisdiction lies with the United States Bankruptcy Court for the Western District of Missouri. (See, J.P. Morgan's motion at pages 1-3).

Plaintiffs' Amended Complaint will clarify that the Kansas corporation "Farmland Foods, Inc." trusteed by J.P. Morgan, the moving party here, is not the correct

Defendant and that the Delaware Corporation "Farmland Foods, Inc." who is a subsidiary of Smithfield Foods is the correct defendant. Therefore, all of the issues and jurisdictional defenses raised by J.P. Morgan pertaining to the bankruptcy will be mooted by Plaintiffs' Amended Complaint.

## IV.  CONCLUSION

Based upon the foregoing discussion, Plaintiffs respectfully request that this Court conclude that movant J.P. Morgan Trust Company's Motion To Dismiss will be mooted by Plaintiffs' forthcoming Amended Complaint and enter the Proposed Order attached to this Response.

Respectfully submitted,

/s/ Jairus M. Gilden

---

Jairus M. Gilden, Esq.
2711 Eastwood Avenue
Evanston, IL 60201
(847) 328-8542 (phone)
(847) 328-8542 (fax)

Brian P. McCafferty, Esq.[3]
1617 JFK Boulevard, Suite 640
Philadelphia, PA 19103
(215) 569-8840 (phone)
(215) 569-9070 (fax)
Attorneys for Plaintiffs

Dated: June 14, 2006

---

[*] Application for admission to the Court has been filed and is currently pending.

## CERTIFICATE OF SERVICE

I, Jairus M. Gilden, hereby certify that I caused a true and correct copy of the foregoing Plaintiffs' Response to J.P. Morgan's Motion to Dismiss to be served by first class mail, on June 14, 2006, upon the following counsel:

>Michael J. Small, Esq.
>FOLEY & LARDNER, LLP
>321 North Clark Street, Suite 2800
>Chicago, IL 60610

>/s/ Jairus M. Gilden
>_____
>Jairus M. Gilden

Dated: June 14, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY CHURCHILL : | |
| ROBERT DELOACH : | |
| JONATHAN RICHARD : | Docket No. 4:06-CV-4023 |
| SANDRA CREWS, ET AL. : | Hon. Michael M. Mihm |
| : | |
| Plaintiffs, : | |
| v. : | |
| : | |
| FARMLAND FOODS, INC. : | CLASS ACTION |
| : | |
| Defendant. : | |

## ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of J.P. Morgan Trust Company's Motion To Dismiss (Doc. 4), and Plaintiffs response thereto, it is hereby ORDERED that J.P. Morgan's Motion is DENIED in all respects as MOOT. It is FURTHER ORDERED that Plaintiffs will file an Amended Complaint identifying the correct "Farmland Foods" defendant within five (5) days of the entry of this Order. Upon the filing of Plaintiffs' Amended Complaint, the Plaintiffs shall file a Stipulation dismissing the Farmland Foods entity trusteed by J.P. Morgan Trust Company from this matter within five (5) days.

BY THE COURT:

_____
Michael M. Mihm
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

CO  FILE  DEPT  CLOCK  NUMBER  2674
9MU  000931  108211  MONA8  0000853085  1



FARMLAND FOODS INC.
ATTN PAYROLL DEPARTMENT
POST OFFICE BOX 20121
KANSAS CITY, MISSOURI 64195-0121

# Earnings Statement 

Period Ending:  03/26/2006
Pay Date:       03/30/2006

Taxable Marital Status:  Single
Exemptions/Allowances:
   Federal   0
   IL   0

ANDREW WREN
2412 15TH AVE
ALEXIS IL 61412

Social Security Number: XXX-XX-3575

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 14.2000 | 39.99 | 567.87 | |
| Overtime | 21.3000 | 1.87 | 39.83 | |
| Gross Pay | | | $607.70 | 8,727.63 |

Your federal taxable wages this period are $569.21

| Deductions | Statutory | | | |
|---|---|---|---|---|
| | Federal Income Tax | | -70.67 | 1,109.38 |
| | Social Security Tax | | -36.79 | 529.68 |
| | Medicare Tax | | -8.61 | 123.88 |
| | IL State Income Tax | | -17.08 | 245.83 |
| | Other | | | |
| | Ad&D Life | | -0.35 | 4.55 |
| | Lein Srvc Fee | | -1.15 | 14.95 |
| | Life Ins | | -1.15 | 14.95 |
| | Lt Disab | | -0.54 | 7.12 |
| | N-Tx Dntl | | -4.15* | 53.95 |
| | N-Tx Medical | | -8.50* | 110.50 |
| | N-Tx Vision | | -1.53* | 19.89 |
| | Savings 1 | | -10.00 | |
| | Supl/Lndy | | -3.47 | 59.81 |
| | Support Order | | -150.00 | 1,762.50 |
| | 401K Plan | | -24.31* | 349.11 |
| | Garnishment | | | 97.35 |
| | Meat Sales | | | 24.00 |
| Net Pay | | | $269.40 | |

* Excluded from federal taxable wages