**E-FILED**
Monday, 11 September, 2006  03:50:14 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| Gregory Churchill, Robert Deloach Jonathan Richard, Sandra Crews, Jason Smith, Kim Lineman, Connie Hedges, Elizabeth Bavery, Charles Rowsey, Katie Babcock, Andrew Wren, Charles Furman, Yvonne Hammond, Tracy Cassiday, Christopher Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler, Danielle Florence, Stacy Burgess, Michelle Darmer, Kevin Winking, Melissa Miller, LuAnna Johnson, and Robert McIntyre, on behalf of themselves and all other similarly situated individuals, | ) ) ) ) ) ) ) ) ) ) Docket No. 4:06-cv-4023 ) Hon. Michael M. Mihm ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) JURY TRIAL DEMANDED |
| FARMLAND FOODS, INC.: a Delaware corporation and subsidiary of Smithfield Foods | ) ) ) ) |
| Defendants. _____ | ) ) ) |

## FARMLAND FOODS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Now comes the Defendant, Farmland Foods, Inc., ("Farmland"), by and through its

undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint,

states as follows:

## I. INTRODUCTION

1.     This is a class action brought by Plaintiffs on behalf of themselves and all other similarly situated current and former production and support employees of Farmland Foods, Inc., at its facility in Monmouth, Illinois for the purpose of obtaining relief under Illinois law for, *inter alia*, unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.  The named Plaintiffs also bring individual actions under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

**ANSWER:**

Farmland admits only that Plaintiffs purport to bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq, and that Plaintiffs purport to bring this action as a class action for the purpose of obtaining relief under Illinois law. Farmland denies each and every remaining allegation contained in Paragraph 1.

2.      Plaintiffs are employees of Farmland's pork processing facility located in Monmouth, Illinois. Defendant has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by Illinois law.

**ANSWER:**

Denied.

3.      The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, and sanitizing sanitary and safety equipment and clothing, obtaining tools, equipment and supplies necessary for the performance of their work, "working" steels and all other activities in connection with these job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks.

**ANSWER:**

Denied.

## II. JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction in this matter over Plaintiffs' state law class claims pursuant to 28 U.S.C. § 1332(d) since the matter is a class action in which the aggregate claims of the individual class members exceeds the sum or value of $5,000,000 exclusive of interest and costs and Defendant Farmland is not a citizen of the State of Illinois as defined by 28 U.S.C. § 1332(c). Defendant Farmland is a Delaware corporation whose principal place of business is in Kansas City, Missouri.

**ANSWER:**

Defendant admits that this Court has jurisdiction over Plaintiffs' federal claims brought pursuant to the FLSA. Defendant denies that the aggregate claims of the individual class members exceeds the sum or value of $5,000,000 exclusive of interest and costs. Farmland

admits that it is not a citizen of the State of Illinois as defined by 28 U.S.C. § 1332(c). Farmland

admits that it is a Delaware corporation whose principal place of business is in Kansas City,

Missouri.

5.      Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Farmland resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

**ANSWER:**

Farmland admits that venue lies properly in this district pursuant to 28 U.S.C. §1391(a) and

(c).

## III.  PARTIES

6.      Plaintiff Gregory Churchill is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case. Mr. Churchill presently resides at 1018 N. 6th Street, Apt. D-5, Monmouth, IL 61462.

**ANSWER:**

Farmland admits that Gregory Churchill is a former Farmland Employee at Farmland's

Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 6.

7.      Plaintiff Robert DeLoach is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case. Mr. DeLoach presently resides at 1592 East North Street, Galesburg, IL 61401.

**ANSWER:**

Farmland admits Robert DeLoach is a former Farmland Employee at Farmland's Monmouth,

Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 7.

8.    Plaintiff Jonathan Richard is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case.  Mr. Richard presently resides at 1463 East North Street, Galesburg, IL  61401.

**ANSWER:**

Farmland admits Jonathan Richard is a former Farmland Employee at Farmland's

Monmouth, Illinois facility.  Farmland is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 8.

9.    Plaintiff Sandra Crews is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case.  Ms. Crews presently resides at 353 Knox Road, 2200 North, Wataga, IL  61488.

**ANSWER:**

Farmland admits Sandra Crews is a former Farmland Employee at Farmland's Monmouth,

Illinois facility.  Farmland is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 9.

10.    Plaintiff Jason Smith is a former Farmland employee at Farmland' Monmouth, Illinois facility, but who was employee during the relevant class period in this case.  Mr. Smith presently resides at 353 Knox Road 2200 North, Wataga, IL  61488.

**ANSWER:**

Farmland admits Jason Smith is a former Farmland Employee at Farmland's Monmouth,

Illinois facility.  Farmland is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 10.

11.    Plaintiff Kim Linneman is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case.  Ms. Linneman presently resides at P.O. Box 53, Biggsville, IL  61418.

**ANSWER:**

Farmland admits Kim Linneman is a former Farmland Employee at Farmland's Monmouth, Illinois facility.  Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12.     Plaintiff Connie J. Hedges is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case.  Ms. Hedges presently resides at 1018 N. 6th Street, Apt. D-5, Monmouth, IL 61462.

**ANSWER:**

Farmland admits Connie J. Hedges is a former Farmland Employee at Farmland's Monmouth, Illinois facility.  Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13.     Plaintiff Elizabeth Bavery is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at P.O. Box 1101, Oquawka, IL  61469.

**ANSWER:**

Farmland admits Elizabeth Bavery is a current Farmland Employee at Farmland's Monmouth, Illinois facility.  Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14.     Plaintiff Charles Rowsey is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 311 South 4th Street, Monmouth, IL  61462.

**ANSWER:**

Farmland admits Charles Rowsey is a current Farmland Employee at Farmland's Monmouth, Illinois facility.  Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15.     Plaintiff Katie Babcock is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 194 90th Street, Roseville, IL  61473.

**ANSWER:**

Farmland admits Katie Babcock is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16.    Plaintiff Andrew Wren is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 2412 15th Avenue, Alexis, IL 61412.

**ANSWER:**

Farmland admits Andrew Wren is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16.

17.    Plaintiff Charles V. Furman is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 360 S. Hall Street, Roseville, IL 61473.

**ANSWER:**

Farmland admits Charles V. Furman is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17.

18.    Plaintiff Yvonne Hammond is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 2412 15th Avenue, Alexis, IL 61412.

**ANSWER:**

Farmland admits Yvonne Hammond is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18.

19.    Plaintiff Tracy R. Cassiday is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 1060 E. 5th Avenue, Monmouth, IL 61462.

**ANSWER:**

Farmland admits Tracy R. Cassiday is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19.

20.    Plaintiff Christopher Cassiday is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 1060 E. 5th Avenue, Monmouth, IL  61462.

**ANSWER:**

Farmland admits Christopher Cassiday is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20.

21.    Plaintiff Kelly Mize is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 1033 S. B Street, Monmouth, IL  61462.

**ANSWER:**

Farmland admits Kelly Mize is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

22.    Plaintiff Kathy C. Hillier is a former Farmland employee at Farmland's Monmouth, Illinois facility, but who was employed during the relevant class period in this case. Ms. Hillier presently resides at RR1, Box 240, Gladstone, IL  61437.

**ANSWER:**

Farmland admits Kathy C. Hillier is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22.

23.    Plaintiff Conchetta Butler is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 313 East Broadway, Apt. 1, Monmouth, IL  61462.

**ANSWER:**

Farmland admits Conchetta Butler is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23.

24.    Plaintiff Danielle Florence is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 223 S. 6th Street, Apt. 1, Monmouth, IL  61462.

**ANSWER:**

Farmland admits Danielle Florence is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24.

25.    Plaintiff Stacey Burgess is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 800 E. 2nd Avenue, Monmouth, IL  61462.

**ANSWER:**

Farmland admits Stacey Burgess is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25.

26.    Plaintiff Michelle Darmer is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 210 N. Cherry, Abingdon, IL  61410.

**ANSWER:**

Farmland admits Michelle Darmer is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26.

27.    Plaintiff Kevin Winking is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 600 Main Street, Roseville, IL  61473.

**ANSWER:**

Farmland admits Kevin Winking is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27.

28.  Plaintiff Melissa Miller is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 306 S. 8th Street, Keithsburg, IL 61442.

**ANSWER:**

Farmland admits Melissa Miller is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29.  Plaintiff Luanna Johnson is a former Farmland employee at Farmland's Monmouth, Illinois facility but who was employed during the relevant class period in this case. Ms. Johnson resides at R#1, Box 224, Stronghurst, IL 61480.

**ANSWER:**

Farmland admits Luanna Johnson is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29.

30.  Plaintiff Robert McIntyre is a current Farmland employee at Farmland's Monmouth, Illinois facility who resides at 325 E. Nichols, Stronghurst, IL 61490.

**ANSWER:**

Farmland admits Robert McIntyre is a current Farmland Employee at Farmland's Monmouth, Illinois facility. Farmland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30.

31.  Plaintiffs bring this class action for all state law claims on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Farmland's pork processing facility located in Monmouth, Illinois. ("Class members").

Moreover, the named Plaintiffs assert individual federal claims under the Fair Labor Standards Act.

**ANSWER:**

Farmland admits only that Plaintiffs purport to bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq, and that Plaintiffs purport to bring this action as a class action for the purpose of obtaining relief under Illinois law. Farmland denies each and every remaining allegation contained in paragraph 31.

32.     Defendant Farmland Foods, Inc. is a Delaware corporation and subsidiary of Smithfield Foods, who operates numerous pork processing facilities located throughout the United States, including one in Monmouth, Warren County, Illinois. Defendant Farmland is a corporation engaged in interstate commerce and in the production of goods for commerce in these and various other locations throughout the United States. Farmland can be served with original service of process through its agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

**ANSWER:**

Farmland admits that it is a Delaware corporation. Farmland admits that it is a subsidiary of Smithfield Foods. Farmland admits that it is a corporation engaged in interstate commerce and in the production of goods for commerce. Farmland admits that it can be served with original service of process through its agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. Farmland denies each and every remaining allegation contained in Paragraph 32.

### IV.  CLASS ACITON ALLEGATIONS

33.     The Named Plaintiffs are individuals who, within the applicable period of limitations prior to the commencement of this action, were employed by Farmland in Illinois. This matter is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(1)(A) and (B), and rule 23(b)(3), on behalf of a Class consisting of: current and former production and support employees of Farmland at its facility in Monmouth, Illinois (the "Class").

**ANSWER:**

Farmland admits that the named Plaintiffs are current or former employees of Farmland in

Illinois.  Farmland denies each and every remaining allegation contained in Paragraph 33.

34.    Plaintiffs believe that there are at least 3000 present and former production and support employees in the Class during the relevant Class period of April 18, 2001 to the present.

**ANSWER:**

Farmland is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 34.

35.    Given Defendant Farmland's size and the systematic nature of Farmland's failure to comply with Illinois statutory law and common law, the members of the Class are so numerous that joinder of all members is impractical.

**ANSWER:**

Denied.

36.    The Named Plaintiffs' claims are typical of the claims of the Class members because they were hourly production and support workers who, like the Class members, sustained damages arising out of Defendant's unlawful compensation system as described in more detail herein.

**ANSWER:**

Denied.

37.    Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action wage and hour litigation.

**ANSWER:**

Farmland is without knowledge or information sufficient to form a belief as to the truth of the

allegation that Plaintiffs have retained counsel competent and experienced in complex class

action wage and hour litigation.  Farmland denies each and every remaining allegation contained

in Paragraph 37.

38.    Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members.  Among the questions of law and fact common to Plaintiffs and the Class are:

**ANSWER:**

Denied.

a.   Whether the work performed by Plaintiffs and the Class is included in the type of work Farmland employed Plaintiffs and the Class to perform;

**ANSWER:**

Farmland denies the allegations contained in paragraph 38, and specifically denies each

and every allegation in subparagraph (a).

b.   Whether the work performed by Plaintiffs and the Class is compensable under Illinois law;

**ANSWER:**

Farmland denies the allegations contained in paragraph 38, and specifically denies each

and every allegation in subparagraph (b)

c.   Whether Defendant has engaged in a pattern and/or practice in Illinois of forcing, coercing, and/or permitting Plaintiffs and the Class to perform work for Defendant's benefit which was not compensated;

**ANSWER:**

Farmland denies the allegations contained in paragraph 38, and specifically denies each

and every allegation in subparagraph (c).

d.   Whether Defendant has failed to permit meal and rest periods as required by Illinois law, other applicable regulations, and/or Defendant's stated policies;

**ANSWER:**

Farmland denies the allegations contained in paragraph 38, and specifically denies each

and every allegation in subparagraph (d).

e.  Whether Defendant has failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

**ANSWER:**

Farmland denies the allegations contained in paragraph 38, and specifically denies each

and every allegation in subparagraph (e).

f.  Whether Defendant has failed to keep true and accurate time records for all hours worked by its employees as required by Defendant's policies and the Illinois Minimum Wag Law, 820 ILCS 105/1 et seq.

**ANSWER:**

Farmland denies the allegations contained in paragraph 38, and specifically denies each

and every allegation in subparagraph (f).

g.  Whether Defendant failed to pay Plaintiffs and the Class for all of the work Defendant required them to perform;

**ANSWER:**

Farmland denies the allegations contained in paragraph 38, and specifically denies each

and every allegation in subparagraph (g).

h.  Whether Defendant violated the Illinois Minimum Wage Law;

**ANSWER:**

Farmland denies the allegations contained in paragraph 38, and specifically denies each

and every allegation in subparagraph (h).

i.  Whether Defendant violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.; and

**ANSWER:**

Farmland denies the allegations contained in paragraph 38, and specifically denies each

and every allegation in subparagraph (i).

j.  The nature and extent of class-wide injury and the measure of damages for the injury.

**ANSWER:**

Farmland denies the allegations contained in paragraph 38, and specifically denies each

and every allegation in subparagraph (j).

39.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Class is readily identifiable from the Defendant's own records.

**ANSWER:**

Denied.

40.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

**ANSWER:**

Denied.

41.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical.  Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

**ANSWER:**

Denied.

42.    Without a class action, Defendant will likely retain the benefit of its wrongdoing and will continue a course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

**ANSWER:**

Denied.

## V.  PRELIMINARY ALLEGATIONS

43.    Defendant Farmland owns and operates a pork processing facility in Monmouth, Illinois.  The complained of unlawful compensation system at issue in this Complaint has affected Defendant's present and former production and support employees at this location.

**ANSWER:**

Farmland admits that it owns and operates a pork processing facility in Monmouth, Illinois.

Farmland denies each and every remaining allegation contained in Paragraph 43.

44.    Under Farmland's wage compensation system, Farmland pays Plaintiffs and Class members who are production employees only during the time that they are present on the actual production assembly line under a system known as "gang time."  Conversely, Farmland, as a matter of policy and practice, does not pay its employees for required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as donning and doffing clothing, protective equipment, cleaning and sanitizing that equipment, walking to the production line from their locker and vise-versa after already performing compensable activities and before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives, supplies tools and equipment needed for production line activities.  Farmland also requires its employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

**ANSWER:**

Denied.

45.    Pursuant to federal regulations and Farmland's own internal policies and procedures, Plaintiffs and Class members are required to wear uniforms and special personal protective equipment ("PPE") for protection and sanitary reasons.  Uniforms include shirts, pants and boots. PPE includes, *inter alia,* plastic aprons, belly guards, wrist guards, sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings.  Most of Farmland's employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from injury.  The PPE and other required gear are also designed to protect Farmland's pork product from contamination by food borne diseases.

**ANSWER:**

Farmland denies that all of Plaintiffs and Class members are/were required to wear uniforms

and special personal protective equipment ("PPE") for protection and sanitary reasons pursuant

to federal regulations and Farmland's own internal policies and procedures.  Farmland states that

15

as a matter of convenience for its employees, Farmland provides clean shirts, pants and boots for

its employees.  Farmland denies that the list of PPE contained in Paragraph 45 is an accurate or

representative description of the PPE worn by Plaintiffs and Class members.  Farmland denies

that each of the items listed as PPE in Paragraph 45 constitutes personal protective equipment.

Farmland admits that some of its employees use knives in the course of their work and that those

employees wear protective gear, but denies that all of the items listed as PPE in paragraph 45 are

worn to protect such employees from injury.  Farmland admits that some PPE are designed also

to protect Farmland's pork product from contamination by food borne diseases.  Farmland

further states that not all employees wear PPE and the type and amount of PPE or clothing worn

by employees varies depending on the employees' specific job and responsibilities.

46.    As a consequence of the compensation system utilized by Defendant Farmland, Plaintiffs and Class members are not paid at the beginning of each shift for the time it takes to don uniforms, obtain gear, maintain gear, walk to sanitation stations and sanitize the required PPE, walk to productions areas and don PPE.

**ANSWER:**

Denied.

47.    At the beginning of each work day, Plaintiffs and Class members are required to report to their lockers to don their uniforms.  Production employees must then obtain their PPE, walk to storage areas and obtain knives and other gear, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their gear, walk to the production lines and don the PPE <u>before</u> paid time begins.  These employees are not paid for this work time.

**ANSWER:**

Farmland denies that at the beginning of each work day, Plaintiffs and Class members are

required to report to their lockers to don their uniforms.  Farmland admits that some employees

who work on the production line must obtain their PPE before joining the production line, but

Farmland states that the PPE worn by production line employees varies based upon the

employees' job and responsibilities.  Farmland denies that the list of PPE contained in Paragraph

45 is an accurate or representative description of the PPE worn by Plaintiffs and Class members.

Farmland denies that each of the items listed as PPE in Paragraph 45 constitutes personal

protective equipment. Farmland denies each and every remaining allegation contained in

Paragraph 47.

    48.    Pursuant to Farmland's compensation system, employees are not compensated for time spent before or after paid time working steels or mousetraps, which is a necessary task for the performance of their job.

    **ANSWER:**

    Denied.

    49.    During their unpaid lunch and other paid or unpaid breaks, Plaintiffs and Class members have to remove their PPE and then re-don it at the end of breaks.  These employees are not paid for this work time.

    **ANSWER:**

Farmland admits that during their unpaid lunch and other paid or unpaid breaks, some

employees who may be part of Plaintiffs and Class members have to remove some but not all

PPE and then re-don it at the end of breaks.  Farmland denies that the list of PPE contained in

Paragraph 45 is an accurate or representative description of the PPE worn by Plaintiffs and Class

members.  Farmland denies that each of the items listed as PPE in Paragraph 45 constitutes

personal protective equipment.  Farmland denies that each of the items listed as PPE in

Paragraph 45 would be removed for breaks and re-donned at the end of breaks.  Farmland denies

each and every remaining allegation contained in Paragraph 49.

    50.    According to Farmland's compensation system, Plaintiffs and Class members are not paid during the time prior to and during their meal and rest periods, during which time they doff their PPE.  Similarly, Plaintiffs and Class members are not paid at the end of meal and rest periods for the time they spend donning their PE for continued work in production areas.

    **ANSWER:**

    Denied.

51.    After the end of paid time, employees must finish their work on production and other activities, walk to wash stations, doff their PPE, wait in line to wash the PPE, knives and other gear, walk to their lockers, doff their uniforms and stow the uniforms, PPE, knives and other gear.

**ANSWER:**

Denied.

52.    According to Farmland's compensation system, Plaintiffs and Class Members are not paid during the time after "gang time" (when compensation stops) although they continue to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear, walk to lockers, doff uniforms and stow gear and uniforms.

**ANSWER:**

Denied.

53.    As a result of Farmland's compensation system, and other practices and policies followed by Defendant, Plaintiffs and Class members are not paid for all of the time which they work presently and they have not been paid for all of the time they have worked for several years.

**ANSWER:**

Denied.

54.    Plaintiffs and all Class members are similarly situated individuals who worked at and/or continue to work at Defendant's pork processing facility in Monmouth, Illinois and who were and/or continue to be deprived of their lawful wages under Illinois law in the same manner.

**ANSWER:**

Denied.

55.    The facts and circumstances relating to Farmland's compensation system vis-à-vis production time and employment related activities prior to paid production time and after paid production time present common questions of law and fact pursuant to Fed.R.Civ.P. 23.

**ANSWER:**

Denied.

56.    The claims of the named Plaintiffs are typical of the claims of approximately 3000 similarly situated current and former employees.    The named Plaintiffs are adequate

18

representatives of those similarly situated employees in that the named Plaintiffs' claims are identical to the claims of the similarly situated employees and former employees.

**ANSWER:**

Denied.

57.    The Defendant's failure to pay Plaintiffs and Class members their lawful wages was and is willful.  Defendant Farmland knew or should have know that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

**ANSWER:**

Denied.

58.    Despite its knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under both state and federal law, Defendant Farmland has taken no steps to compensate workers at its Monmouth, Illinois facility for this time.

**ANSWER:**

Denied.

59.    Defendant Farmland also unlawfully deducts $2.25 per week from each employee for laundering uniforms, as well as amounts taken from employees' wages to compensate Defendant for lost or damaged gear.  Upon information and belief, Farmland never obtained a wage deduction authorization that would allow them to make such a deduction of wages from Farmland employees.

**ANSWER:**

Denied.

## V.  CAUSES OF ACTION
### COUNT I

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### 802 ILCS 105/1 et seq.
### All Class Members v. Farmland

60.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

**ANSWER:**

Defendants restate their answers to the foregoing Paragraphs as its answer to this Paragraph 60 as though fully set forth herein.

61.    Upon information and belief, the Class period for this cause of action is at least April 18, 2003 to the present.

**ANSWER:**

Denied.

62.    Defendant Farmland is required to compensate employees in the manner prescribed by The Illinois Minimum Wage Law, 802 ILCS 105/4 (establishment of minimum wage).

**ANSWER:**

Defendant states that the allegations contained in Paragraph 62 are statements of law to which no answer is required, and that, to the extent Paragraph 62 contains any other averments of fact, they are denied.

63.    Defendant Farmland is required to compensate employees who work more than forty hours a week at a rate not less than 1 ½ times the regular straight time rate at which the employees are employed.  See, the Illinois Minimum Wage Law, 802 ILCS 105/4a (overtime compensation).

**ANSWER:**

Defendant states that the allegations contained in Paragraph 63 are statements of law to which no answer is required, and that, to the extent Paragraph 63 contains any other averments of fact, they are denied.

64.    As a result of Defendant's unlawful acts, Plaintiffs and class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with statutory interest, costs and attorneys' fees.

**ANSWER:**

Denied.

65.    Plaintiffs and class members worked many hours without having been paid by Defendant on a weekly basis.  Had that work been recorded as paid time, at least some Plaintiffs

and class members would have worked over forty hours a week and been entitled to be paid one and a half time their regular hourly wages for all time worked in excess of forty hours per week.

**ANSWER:**

Denied.

WHEREFORE, Defendant Farmland denies that Plaintiff is entitled to any relief whatsoever, states that it is not liable to the Plaintiff for any sum whatsoever and prays that this Court enter an order dismissing this cause of action with prejudice, together with costs incurred herein and any other further relief this Court deems just and appropriate.

## COUNT II

## VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

### 820 ILCS 115/1 et seq.
### All Class Members v. Farmland

66.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

**ANSWER:**

Defendants restate their answers to the foregoing Paragraphs as its answer to this Paragraph 66 as though fully set forth herein.

67.    Upon information and belief, the Class period for this cause of action is at least April 18, 2001 to the present.

**ANSWER:**

Denied.

68.    As previously described, Defendant Farmland has failed to pay Plaintiffs their hourly rate of pay for all hours of work they performed as required by Illinois law.  The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, and sanitizing sanitary and safety equipment and uniforms, obtaining tools, equipment and supplies necessary for the performance of their work, "working" steels and mousetraps and performing all other activities in connection with these job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks.

**ANSWER:**

Denied.

69.     Defendant Farmland's failure to pay Plaintiffs for these activities is violative of the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 et seq.

**ANSWER:**

Denied.

70.     Defendant has also unlawfully deducted amounts from employees' paychecks without obtaining the written authorization required by Illinois law.

**ANSWER:**

Denied.

71.     As a result of Defendant Farmland's repeated violations of the IWPCA, Plaintiffs and class members have not received wages to which they were entitled under Illinois law. Accordingly, Plaintiffs and others similarly situated are entitled to their unpaid wages, penalties, costs and attorney's fees.

**ANSWER:**

Denied.

WHEREFORE, Defendant Farmland denies that Plaintiff is entitled to any relief whatsoever, states that it is not liable to the Plaintiff for any sum whatsoever and prays that this Court enter an order dismissing this cause of action with prejudice, together with costs incurred herein and any other further relief this Court deems just and appropriate.

## COUNT III

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 29 U.S.C. § 201 et seq.
### All Named Plaintiffs v. Farmland

72.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

**ANSWER:**

Defendants restate their answers to the foregoing Paragraphs as its answer to this Paragraph 72 as though fully set forth herein.

73.    Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant Farmland was and is obligated to pay employees at a rate equal to one and one-half time their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

**<u>ANSWER:</u>**

Defendant states that the allegations contained in Paragraph 73 are statements of law to which no answer is required, and that, to the extent Paragraph 73 contains any other averments of fact, they are denied.

74.    Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant Farmland, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

**<u>ANSWER:</u>**

Denied.

75.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

**<u>ANSWER:</u>**

Defendant states that the allegations contained in Paragraph 75 are statements of law to which no answer is required, and that, to the extent Paragraph 75 contains any other averments of fact, they are denied.

WHEREFORE, Defendant Farmland denies that Plaintiff is entitled to any relief whatsoever, states that it is not liable to the Plaintiff for any sum whatsoever and prays that this Court enter an order dismissing this cause of action with prejudice, together with costs incurred herein and any other further relief this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.    The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred in whole or in part by applicable statutes of limitation or repose.

3.    The time spent donning and doffing uniforms and PPE is not compensable under the FLSA as it is *de minimis*.

WHEREFORE, Defendant Farmland denies that Plaintiff is entitled to any relief whatsoever, states that it is not liable to the Plaintiff for any sum whatsoever and prays that this Court enter an order dismissing this cause of action with prejudice, together with costs incurred herein and any other further relief this Court deems just and appropriate.

Dated: September 11, 2006                    Respectfully submitted,


                                             FARMLAND FOODS, INC.


                                             s/ Blair B. Hanzlik
                                             By One of Its Attorneys

                                             Thomas R. Mulroy (admission pending)
                                             Blair B. Hanzlik
                                             McGuireWoods LLP
                                             77 West Wacker Drive, Suite 4100
                                             Chicago, IL  60601
                                             P:      (312) 849-8100
                                             F:      (312) 849-3690

## <u>CERTIFICATE OF SERVICE</u>

I, Blair B. Hanzlik, an attorney, hereby certify that on September 11, 2006, I caused a copy of Farmland Foods, Inc.'s Answer and Affirmative Defenses to be filed electronically with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court System.  I also hereby certify that I have placed a copy in the United States Mail, proper postage prepaid, before 5:00 p.m. on September 11, 2006.

Jarius M. Gilden
2711 Eastwood Avenue
Evanston, IL  60201

Brian P. McCafferty
1617 JFK Boulevard, Suite 640
Philadelphia, PA  19103


<u>s/ Blair B. Hanzlik</u>
Blair B. Hanzlik (ARDC # 6279664)
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL  60601
Tel:  (312) 849-8100
Fax:  (312) 849-3690


\4093514.1