E-FILED
Tuesday, 09 January, 2007 10:44:35 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GREGORY CHURCHILL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Docket No. 4:06-cv-4023 |
| v. | ) Hon. Michael M. Mihm |
| | ) |
| FARMLAND FOODS, INC. | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |

## AGREED STIPULATION AND PROTECTIVE ORDER

To protect the confidentiality of documents and other materials produced during discovery, the parties to this action hereby stipulate and agree that the following Protective Order shall be entered in this matter and shall govern all discovery and discovery proceedings in this action:

1. This Stipulation and Protective Order is entered into by and among Plaintiffs Gregory Churchill, Robert Deloach Jonathan Richard, Sandra Crews, Jason Smith, Kim Lineman, Connie Hedges, Elizabeth Bavery, Charles Rowsey, Katie Babcock, Andrew Wren, Charles Furman, Yvonne Hammond, Tracy Cassiday, Christopher Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler, Danielle Florence, Stacy Burgess, Michelle Darmer, Kevin Winking, Melissa Miller, LuAnna Johnson, and Robert McIntyre, and the purported class ("Plaintiffs") and Defendant Farmland Foods, Inc. ("Farmland"), by and through their undersigned counsel, and shall govern the designation and handling of nonpublic, confidential commercial, and/or trade secret information. Any person and/or party and or entity (including any third party and/or person and/or entity not named in this action) who is required or volunteers to produce

documents or information in discovery in this case may designate material produced as "Confidential" pursuant to this Stipulation and Protective Order.

2. For purposes of this Stipulation and Protective Order, the following definitions shall apply:

   a) "Party" shall mean a Party to this action and any employee, agent or representative of such party;

   b) "Confidential Information" shall mean (i) Information and Documents or individual pages thereof (and the information contained therein) that are designated as confidential by any party, person or entity and that reveal a trade secret or other confidential research, development, commercial or proprietary information, in-house investigations and studies and (ii) all information in documents made available by a Producing Party for review by a Receiving Party prior to copying and production. Copies of documents produced to a Receiving Party shall be designated as described in Paragraph 3;

   c) "Documents" as used herein shall mean documents, memos, reports, studies, investigations, emails, correspondence, and all other written or tangible things;

   d) "Producing Party" shall mean a party to this action or a Third Party, person or entity who furnishes Confidential Information;

   e) "Receiving Party" shall mean a party to this action to whom Confidential Information is furnished; and

   f) "Disclose" shall mean to reveal, provide, describe, or make known to any person Confidential Information.

3. All copies of documents that the Producing Party deems to contain Confidential Information shall be marked by said Party with a protective legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent. Producing Parties shall not knowingly designate any document, thing or discovery testimony "Confidential" when such documents, thing or testimony does not contain Confidential Information, and nothing contained herein shall be construed to allow Producing Parties to designate all documents, things or deposition testimony produced "Confidential." Deposition testimony or any portion thereof may be

2

designated "Confidential Information" on the record at the deposition. The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as "confidential" are appropriately bound by the reporter. A producing party which discovers after a deposition that Confidential Information was inadvertently disclosed during a deposition reserves the right to designate as "Confidential" such portions of the deposition transcript and exhibits as the Producing Party deems appropriate within fifteen (15) days of the receipt of the transcript. Thereafter, the Receiving Party agrees to assure that such disclosed Confidential Information shall receive the protection intended by this Stipulation and Protective Order. Interrogatory answers containing Confidential Information shall be set forth separately and the receiving party agrees to assure that such confidential information shall receive the protection intended by this Stipulation and Protective Order.

4. Unless a Receiving Party is under compulsion of a court order to do so, Confidential Information shall be used only for the purpose of the subject litigation, including trial and preparation for trial, as set forth below; shall not be used for any other purpose including other litigation; and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Stipulation and Protective Order.

>  (a) Except as otherwise provided herein, Confidential Information may be disclosed by the Receiving Party only to:
>
>  (i) the Receiving Party;
>
>  (ii) partners or regular employees of legal counsel of record for the Receiving Party, including secretaries, paralegals, law clerks and associate attorneys;
>
>  (iii) any witness or potential witness for the purpose of conducting an examination of such witness during a trial, for deposition or for the purpose of preparing such witness for the trial examination or deposition or interviewing such witness or potential witness, subject to the conditions set forth in paragraph 4(b), *infra*;

(iv) any person identified as having authored or previously received the material,

(v) the Court and any employees thereof, including any court reporter employed by the Court;

(vi) any expert retained or consulted by a party for the purpose of obtaining such expert's advice or opinion regarding any issue in the litigation, but only to the extent that the Receiving Party or its counsel deem it necessary for the expert to provide such advice or opinion and subject to the conditions set forth in paragraph 4(c), *infra*.

In no event shall any disclosure of Confidential Information be made to employees, officers, agents, representatives or directors of any competitors of any Producing Party, irrespective of whether they are retained as an expert for the Receiving Party.

(b) Before disclosing Confidential Information (other than to the Court, the Receiving Party, counsel for the Receiving Party, other members of their firm, and their regular employees), the Receiving Party shall assure that the recipient of such disclosure has (i) been provided a copy of their Stipulation and Protective Order and (ii) executed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit "A." Counsel for the Receiving Party shall retain executed Agreements to Maintain Confidentiality through this litigation.

(c) Before disclosing Confidential Information to consultants or experts (hereinafter, "expert") employed by Plaintiffs or their counsel to assist in the preparation and trial of this litigation, the expert must agree to be bound by the terms of this Stipulation and Protective Order by executing the Confidentiality Agreement annexed hereto as Exhibit "A." The executed Confidentiality Agreement shall be retained by the counsel employing the expert, and shall be provided to Farmland upon the date by which experts are required to be disclosed by applicable court rules and orders. In no event shall any disclosure be made to employees, officers, agents, representatives or directors of any competitors of Farmland, irrespective of whether they are retained as an expert for the Receiving Party.

(d) Any person to whom Confidential Information is disclosed by the Receiving Party or by any person who obtains such Confidential Information from the Receiving Party shall be bound by the provisions of the Stipulation and Protective Order and is subject to all appropriate sanctions and remedies of any violation hereof.

(e) Notwithstanding any other provisions of this Stipulation and Protective Order, Confidential Information produced by Farmland shall not be disclosed to

4

any governmental agency or regulatory entity, including its employees, agent or representatives.

(f)  A Receiving Party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time that such designation is made, and failure challenge shall not preclude a subsequent challenge thereto. However, in the event that a Receiving Party disagrees at any stage of these proceedings with a designation of documents or information as "confidential," the designation may be challenged as herein provided. First, the Receiving Party disputing the designation shall try to resolve such dispute on an informal basis by conferring with the Producing Party. If the dispute is not resolved informally, the Receiving Party shall identify specifically the disputed designations in writing, by Certified Mail, Return Receipt Requested, to the Producing Party's trial counsel. The Producing Party shall have 10 days (excluding Saturdays and Sundays) from receipt of this notice to respond in writing. If the parties are unable to agree and the Producing Party is of the continued opinion that such challenged documents or information contain Confidential Information, the issue shall be presented by letter to the Court (or, if a letter is not permitted, by Motion submitted to the Court) within 20 days.

(g)  All documents or information designated confidential shall retain that designation and shall remain subject to the terms of this Stipulation and Protective Order until such time, if ever, as the Court renders a decision that any challenged documents or information shall not be covered by the terms of this Stipulation and Protective Order and any and all proceedings and appeals challenging such decision shall have been concluded.

(h)  Any person having access to Confidential Information under this Stipulation and Protective Order shall not make copies, extracts, summaries, or descriptions of the Confidential Information or any portion thereof, except for copies, extracts, summaries, or descriptions furnished by the Receiving Party's legal counsel, to consultants or experts employed by them in the preparation and trial of this litigation. Said consultants or experts shall not make copies of the Confidential Information furnished to them by that Receiving Party's counsel.

5.  Confidential Information may be used or submitted to the Court in connection with any filing or proceeding in this litigation, but the party using it shall cause it to be separately filed under seal with the Clerk of the Court. A copy of the papers submitted for filing to the Court may also be submitted to the judge or magistrate expected to hear the matter, provided that the judge or magistrate is advised of the status of the documents and is requested to handle the papers in a manner consistent with the protection afforded by this Protective Order. All papers

which contain Confidential Information and are submitted to or filed with the Court shall be submitted or filed in a sealed envelope bearing the following legend clearly written on the face thereof under the name and case number of this litigation:

> CONFIDENTIAL -- SUBJECT TO COURT ORDER
>
> The contents of this envelope are subject to a Protective Order entered by the Court in the above-captioned case, shall be treated as confidential and must not be shown to any person except as authorized by an order of the Court.

6. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its Confidential status through such use. Pending a further order as this Court may enter regarding confidentiality of Confidential Information used in a hearing or trial in this action, such materials shall be treated as provided in this Stipulation and Protective Order.

7. The production of documents for inspection and note-taking which are marked "Confidential" shall not constitute a waiver of the Producing Party's rights to claim in this lawsuit or hereafter that said documents, information, materials or other items included therein are confidential. Any Party who inadvertently produces Confidential Information without marking such information as "Confidential" will not have waived its right to seek an appropriate court issued protective order to assure tat the inadvertently produced Confidential Information can later be designated as "Confidential."

8. This Stipulation and Protective Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party.

9. At the conclusion of this lawsuit, all Confidential Information received by whomever and in whatever form, *including all copies,* shall be surrendered to the Producing Party. This includes Confidential Information given to experts, consultants, witnesses or any other person or

6

entity. Counsel for the Receiving Party shall certify, by affidavit, compliance with the requirements of this Paragraph within 20 days of the conclusion of this lawsuit.

10. Nothing herein shall (a) prevent the Producing Party from disclosing any material that it has produced, including Confidential Information, to any other person or entity or (b) otherwise restrict the use of any material, including Confidential Information, by the Producing Party. Such disclosure shall not be deemed to waive or otherwise modify the protection or confidentiality provided herein.

11. Nothing contained in this Stipulation and Protective Order shall enlarge or in any way affect the proper scope of discovery in this action, nor shall anything contained in this Stipulation and Protective Order imply that any Confidential Information is properly discoverable, relevant or admissible in this action. Moreover, nothing contained in this Stipulation and Protective Order shall prevent the Producing Party from seeking or obtaining greater protection of Confidential Information than is provided in this Stipulation and Protective Order.

12. Nothing shall prevent disclosure beyond the terms of this Stipulation and Protective Order if the Producing Party consents in writing or on the record to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

13. The parties shall negotiate in good faith prior to filing any Motion with the Court relating to the Stipulation and Protective Order. The Producing and Receiving Parties may waive the applicability of any provision of the Stipulation and Protective Order to any information, document or thing.

14. Each party, person and/or entity person examining Confidential Information or to whom any of the contents thereof are disseminated hereby agrees to be subject to the jurisdiction

of this Court for appropriate proceedings in the event of any violation or alleged violation of this Stipulation and Protective Order. Each such person shall agree in advance of disclosure to be bound by the provisions of the Stipulation and Protective Order and shall execute the agreement attached as Exhibit "A" prior to the disclosures.

15. Counsel for the Receiving Party shall make a good-faith effort to ensure compliance with the provisions of this Stipulation and Protective Order. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of his, her or its responsibilities under the Stipulation and Protective Order.

16. The parties hereto consent to the issuance of this Stipulation and Protective Order as an Order of this Court.

17. The parties hereto shall be entitled to rely and act upon and shall be bound by the Stipulation and Protective Order when it has been signed by the parties hereto or their counsel, whether or not the Stipulation and Protective Order has been Signed by the Court.

18. The terms of the Stipulation and Protective Order shall survive and remain in effect after the termination of this lawsuit. All documents, papers or things submitted to the Court which bear the legend designated in Paragraph 5 above, shall be destroyed 30 days after the termination of proceedings in this Court, unless counsel for the respective parties contact the Court ahead of that time for purposes of claiming and retrieving those documents.

19. Illinois law shall govern this Stipulation and Protective Order.

STIPULATED AND CONSENTED TO BY:

Dated: December 31, 2006

_____
Thomas R. Mulroy
Blair B. Hanzlik
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL 60601
Tel: (312) 849-8100
Fax: (312) 849-3690

Attorneys for Defendant Farmland Foods, Inc.

Dated: December 29, 2006

_____
Brian P. McCafferty
Kenney Lennon & Egan
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
(610) 940-9099 (phone)
(610) 940-0284 (fax)

Attorneys for Plaintiff

SO ORDERED, this _____ day of _____, 2006.

_____
Judge Mihm

# CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I, _____, _____[position of employment], am about to receive confidential information supplied in connection with the above-captioned litigation. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order executed by the attorneys of record for the parties in the action presently pending in the United States District Court for the Central District of Illinois, entitled *Churchill et al. v. Farmland Foods, Inc.*, No. 4:06-cv-4023. I have been given a copy of the Stipulation and Protective Order, I have read the Stipulation and Protective Order, and I agree to be bound by its terms, upon threat of penalty of contempt. I hereby submit to the jurisdiction of the Court which entered the Protective Order for purposes of its enforcement. I understand that confidential and protected documents as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Stipulation and Protective Order.

_____
Name

Dated: _____, 200__

# EXHIBIT "A"