IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GREGORY CHURCHILL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Docket No. 4:06-cv-4023 |
| v. | ) Hon. Michael M. Mihm |
| | ) |
| FARMLAND FOODS, INC. | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE
JOINT MOTION FOR LEAVE TO FILE UNDER SEAL**

Representative Plaintiffs Gregory Churchill, Robert Deloach, Jonathan Richard, Sandra Crews, Jason Smith, Kim Lineman, Connie Hedges, Elizabeth Bavery, Charles Rowsey, Katie Babcock, Andrew Wren, Charles Furman, Yvonne Hammond, Tracy Cassiday, Christopher Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler, Danielle Florence, Stacy Burgess, Michelle Darmer, Kevin Winking, Melissa Miller, LuAnna Johnson, and Robert McIntyre ("Representative Plaintiffs") and Defendant Farmland Foods, Inc. ("Farmland") (collectively the "Parties"), by and through their respective undersigned counsel, hereby submit their Memorandum of Law in support of their Joint Motion for Leave to File Under Seal.

**RELEVANT FACTUAL BACKGROUND**

The Parties entered into a Settlement Agreement resolving the above-captioned class action case in March 2007, approximately one year after Representative Plaintiffs commenced this action. All parties are interested in achieving final resolution of the issues raised in this case. The Parties recognize that if a certain percentage or amount of Settlement Class Members exclude themselves from the Settlement, the Settlement will not achieve final resolution of the issues raised in this matter, and Defendant Farmland will be forced to defend a number of

individual actions after Court approval of this Settlement. In the interest of ensuring that Farmland is protected against defending against a large number of individual actions after distribution of funds pursuant to Court approval of this Settlement, the Parties have agreed that if a certain percentage or amount of Settlement Class Members exclude themselves from the Settlement, Farmland shall have the right, but not the obligation, to be exercised in its sole discretion, to void the Settlement.

## ARGUMENT

Although it is a general rule that the record of a judicial proceeding is public, when there is an interest in privacy, portions of the record may be filed under seal. *See Baxter Int'l Inc. v. Abbot Lab.*, 297 F.3d 544; *Jessup v. Luther*, 277 F.3d 926, 928-29 (7th Cir. 2002). In determining whether to grant confidential treatment to a document, courts weigh the parties' interest in secrecy against the competing interest of public disclosure on a case-by-case basis. *Jessup*, 277 F.3d at 929. When there is a request for leave to file under seal, the court should conduct an independent review of the claim for confidentiality. *Little v. Mitsubishi Motor Manufacturing of America, Inc.*, No. 04-1034, 2006 U.S. Dist. LEXIS 36437, at *9 (C.D. Ill. June 5, 2006). Courts have afforded confidential treatment to trade secrets, information covered by a recognized privilege, information required by statute to be maintained in confidence, and have also sealed portions of the record to protect other sensitive information where good cause exists. *See Id.*

The Parties seek to file only a single document under seal. The Letter Agreement is the sole document that the Parties seek to file under seal. All other materials associated with the Settlement are public knowledge and shall be filed with the Court. Although the Letter Agreement does not contain trade secrets, information covered by a recognized privilege, or

information required by statute to be maintained in confidence, the Letter Agreement contains other sensitive information and good cause exists to protect the information such that the Letter Agreement meets the standards to be filed under seal.

In this case, the information sought to be protected is the number or amount of Settlement Class Members who would need to exclude themselves from the Settlement in order to trigger Farmland's right to consider voiding the Settlement Agreement. No outside persons or entities have any legitimate interest in this information and this information is not itself vital to the claims made in the litigation. The disclosure of the number or amount of Settlement Class Members required to trigger Farmland's right to consider voiding the Settlement Agreement could cause third parties to encourage and recruit Settlement Class Members to exclude themselves from the Settlement. Settlement Class Members should consider whether to exclude themselves from the Settlement free from outside influence and without reference to any goal. The Parties all agree that the Letter Agreement should be filed under seal. Settlement Class Members should be free from outside influence in weighing their decision about whether to participate in or exclude themselves from the Settlement. No legitimate purpose would be served by disclosing this confidential information.

WHEREFORE, the Parties jointly respectfully request that this Court enter an Order authorizing that the Letter Agreement be filed under seal.

Dated May 3, 2007  Respectfully Submitted,

Class Counsel

By: s/ Brian P. McCafferty

Brian P. Kenney, Esquire
Brian P. McCafferty, Esquire
Eric L. Young, Esquire
Philip A. Downey, Esquire
Kenney Lennon & Egan
3031C Walton Road, Suite 202
Plymouth Meeting, PA  19462
(610) 940-9099
(610) 940-0284 (fax)


Farmland Foods, Inc.

By: s/ Blair B. Hanzlik
Blair B. Hanzlik
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL  60601
Tel:  (312) 849-8100
Fax:  (312) 849-3690

Of Counsel   Alan K. Cotler, Esq.
Shannon Elise McClure, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
215.851.8100
215.851.1420 (fax)

**CERTIFICATE OF SERVICE**

      I, Blair B. Hanzlik, an attorney, hereby certify that on May 3, 2007, I caused a copy of the foregoing Joint Motion for Leave to File Under Seal and Memorandum in Support thereof to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court System. I also hereby certify that I have provided notice of this filing by placing a copy in the United States Mail, proper postage prepaid, before 5:00 p.m. on May 3, 2007.

Jarius M. Gilden
2711 Eastwood Avenue
Evanston, IL  60201

Brian P. Kenney, Esquire
Brian P. McCafferty, Esquire
Eric L. Young, Esquire
Philip A. Downey, Esquire
Kenney Lennon & Egan
3031C Walton Road, Suite 202
Plymouth Meeting, PA  19462


s/ Blair B. Hanzlik
Blair B. Hanzlik (ARDC # 6279664)
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL  60601
Tel:  (312) 849-8100
Fax:  (312) 849-3690