**E-FILED**
Friday, 25 May, 2007  02:25:21 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| GREGORY CHURCHILL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Docket No. 4:06-cv-4023 |
| v. | ) Hon. Michael M. Mihm |
| | ) |
| FARMLAND FOODS, INC. | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |
| | ) |

### JOINT MOTION FOR THE SUBMISSION OF AMENDED DOCUMENTS IN SUPPORT OF THE PARTIES' JOINT MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF SETTLEMENT AND CLASS NOTICE

Representative Plaintiffs and Defendant Farmland Foods, Inc., (collectively the "Parties") by their respective undersigned counsel, and pursuant to this Court's Order dated May 21, 2007, hereby respectfully submit the attached amended exhibits in support of the Parties' Joint Motion for Certification of a Settlement Class and Preliminary Approval of Settlement and Class Notice.

1.      A copy of the amended Settlement Agreement is attached hereto as Exhibit 1.

2.      A copy of the amended Preliminary Approval Order is attached to the Settlement Agreement as Exhibit 1-A.

3.      A copy of the amended Class Notice is attached to the Settlement Agreement as Exhibit 1-B.

4.      A copy of the amended Final Approval Order is attached to the Settlement Agreement as Exhibit 1-C.

5.      A copy of the Stipulation of Facts is attached to the Settlement Agreement as Exhibit 1-D.

Wherefore, the Parties jointly and respectfully request that the Court accept the attached amended exhibits, preliminarily approve the settlement and enter the proposed Preliminary Approval Order.


May 25, 2007                              Respectfully submitted,

Class Counsel                             Farmland Foods, Inc.

By:  s/  Brian P. McCafferty____         By:  s/  Blair B. Hanzlik___
Brian P. Kenney, Esquire                 Blair B. Hanzlik
Brian P. McCafferty, Esquire             McGuireWoods LLP
Eric L. Young, Esquire                   77 W. Wacker Dr., Suite 4100
Philip A. Downey, Esquire                Chicago, IL  60601
Kenney Lennon & Egan                     Tel:  (312) 849-8100
3031C Walton Road, Suite 202             Fax:  (312) 849-3690
Plymouth Meeting, PA  19462
(610) 940-9099                           Of Counsel
(610) 940-0284 (fax)                     Alan K. Cotler, Esq.
                                         Shannon Elise McClure, Esq.
                                         Reed Smith LLP
                                         2500 One Liberty Place
                                         1650 Market Street
                                         Philadelphia, PA  19103
                                         215.851.8100

## **CERTIFICATE OF SERVICE**

I, Blair B. Hanzlik, an attorney, hereby certify that on May 25, 2007, I caused a copy of the foregoing Joint Submission of Amended Documents in Support of the Parties' Joint Motion for Certification of a Settlement Class and Preliminary Approval of Settlement and Class Notice, to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court System. I also hereby certify that I have provided notice of this filing by placing a copy in the United States Mail, proper postage prepaid, before 5:00 p.m. on May 25, 2007.

Jarius M. Gilden
2711 Eastwood Avenue
Evanston, IL 60201

Brian P. Kenney, Esquire
Brian P. McCafferty, Esquire
Eric L. Young, Esquire
Philip A. Downey, Esquire
Kenney Lennon & Egan
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462

Michael Hamilton, Esq.
Provost Umphrey Law Firm, LLP
2002 Richard Jones Rd.
Suite C-103
Nashville, Tennessee 37215


s/ Blair B. Hanzlik
Blair B. Hanzlik (ARDC # 6279664)
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL 60601
Tel: (312) 849-8100
Fax: (312) 849-3690

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| GREGORY CHURCHILL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Docket No. 4:06-cv-4023 |
| v. | ) Hon. Michael M. Mihm |
| | ) |
| FARMLAND FOODS, INC. | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |
| | ) |

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| GREGORY CHURCHILL, ROBERT DELOACH, JONATHAN RICHARD, SANDRA CREWS, JASON SMITH, KIM LINNEMAN, CONNIE HEDGES, ELIZABETH BAVERY, CHARLES ROWSEY, KATIE BABCOCK, ANDREW WREN, CHARLES FURMAN, YVONNE HAMMOND, TRACY CASSIDAY, CHRISTOPHER CASSIDAY, KELLY MIZE, KATHY HILLIER, CONCHETTA BUTLER, DANIELLE FLORENCE, STACEY BURGESS, MICHELLE DARMER, KEVIN WINKING, MELISSA MILLER, LUANA JOHNSON, and ROBERT MCINTYRE, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FARMLAND FOODS, INC.<br><br>Defendant. | )<br>)<br>)<br>) Docket No. 4:06-cv-4023<br>) Hon. Michael M. Mihm<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>AMENDED SETTLEMENT AGREEMENT</u>

Brian P. McCafferty, Esq.
Kenney Lennon & Egan
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
610.940.9099
610.940.0284 (fax)

Michael Hamilton, Esq.
Provost Umphrey Law Firm, LLP
2002 Richard Jones Rd.
Suite C-103
Nashville, Tennessee 37215
615.242.0199

Blair B. Hanzlik, Esq.
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL 60601
312.849.8100
312.849.3690 (fax)

Of Counsel:
Alan K. Cotler, Esq.
Shannon Elise McClure, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
215.851.8100
215.851.1420 (fax)

Jairus M. Gilden, Esq.                          Attorneys for Defendant Farmland Foods,
2711 Eastwood Ave.                              Inc.
Evanston, IL 60201
847.328.8542

Attorneys for Plaintiffs

   **IT IS HEREBY AGREED**, by, between and among Gregory Churchill, Robert

Deloach, Jonathan Richard, Sandra Crews, Jason Smith, Kim Linneman, Connie Hedges,

Elizabeth Bavery, Charles Rowsey, Katie Babcock, Andrew Wren, Charles Furman, Yvonne

Hammond, Tracy Cassiday, Christopher Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler,

Danielle Florence, Stacey Burgess, Michelle Darmer, Kevin Winking, Melissa Miller, Luana

Johnson, and Robert McIntyre, on behalf of themselves and all other similarly situated

individuals ("Plaintiffs"), and Farmland Foods, Inc. (together with all parents, affiliates,

divisions, subsidiaries, successors, and predecessors thereof, as more fully defined herein,

"Farmland," "Monmouth" or "Defendant"), through their duly authorized counsel, that the

putative class action lawsuit filed in the Central District of Illinois (the "Court"), and captioned

Gregory Churchill et al. v. Farmland Foods, Inc., No. 4:06-CV-4023 ("Lawsuit") and the matters

raised in the Lawsuit, shall be settled, compromised, and dismissed on the merits and with

prejudice, on the terms and conditions set forth in this Settlement Agreement (the "Settlement"

or "Settlement Agreement"), including the release set forth herein, subject to the approval of the

Court.

   **WHEREAS**, Gregory Churchill, Robert Deloach, Jonathan Richard, Sandra Crews,

Jason Smith, Kim Linneman, Connie Hedges, Elizabeth Bavery, Charles Rowsey, Katie

Babcock, Andrew Wren, Charles Furman, Yvonne Hammond, Tracy Cassiday, Christopher

Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler, Danielle Florence, Stacey Burgess,

Michelle Darmer, Kevin Winking, Melissa Miller, Luana Johnson, and Robert McIntyre, filed a Class Action Complaint with the Court on April 18, 2006;

**WHEREAS**, the Complaint asserts claims alleging that the Defendant failed to fully compensate workers in its Monmouth, Illinois plant for all time spent donning, doffing, cleaning, maintaining, and waiting to receive work-related gear, clothing, and equipment, and for all time spent traveling between changing areas and work stations ("donning, doffing and related activities");

**WHEREAS**, Monmouth reengineered its production floor on or about July 31, 2006 ("Plant Reengineering") to reduce the time that employees spent engaging in donning, doffing and related activities;

**WHEREAS**, Plaintiffs filed their First Amended Class Action Complaint on June 16, 2006;

**WHEREAS**, Defendant filed an Answer to the First Amended Class Action and Representative Action Complaint on September 11, 2006;

**WHEREAS**, Plaintiffs' First Amended Class Action Complaint alleges claims under the Fair Labor Standards Act ("FSLA"), the Illinois Minimum Wage Law ("MWL"), and the Illinois Wage Payment and Collection Act ("WPCA");

**WHEREAS**, Plaintiffs' FLSA claim is subject to a maximum statute of limitations period of three years, the MWL claim is subject to a maximum statute of limitations period of three years, and the WPCA claim is subject to a maximum statute of limitations period of five years;

**WHEREAS**, Farmland Foods, Inc., the company which owned the Monmouth plant, filed for bankruptcy under Chapter 11 on or about May 31, 2002;

**WHEREAS**, Smithfield Foods, Inc. purchased the assets of Farmland Foods, Inc. on October 29, 2003 and Farmland Foods, Inc. is now a wholly-owned separately-incorporated subsidiary of Smithfield Foods, Inc.;

**WHEREAS**, despite the applicable time frame of the relevant statutes of limitations, none of the claims in the Lawsuit against Farmland Foods, Inc. could be actionable prior to the asset purchase on October 29, 2003;

**WHEREAS**, in connection with settlement negotiations, Defendant informally responded to Plaintiffs' Interrogatory requests, and Defendant produced detailed time studies relating to the Farmland plant evaluating the time employees spend engaged in donning, doffing and related activities for which Plaintiffs allege that they are entitled to additional compensation;

**WHEREAS**, in connection with settlement negotiations, Plaintiffs' counsel visited the Monmouth plant on Thursday, December 7, 2006, in order to witness the proposed class members engaging in donning, doffing and related activities while the Monmouth plant was in full operation;

**WHEREAS**, Plaintiffs and Plaintiffs' Counsel have carefully analyzed the merits of Plaintiffs' claims and the merits of the defenses raised by Defendant;

**WHEREAS**, Plaintiffs and Defendant agree that the current compensation practices at Monmouth, initiated at the time of the Plant Reengineering, are in compliance with all local, state and federal laws, and the amount of compensation currently paid to employees to compensate them for time spent engaged in donning, doffing, and related activities is adequate and fully compensates employees;

**WHEREAS**, Plaintiffs believe that the past compensation practices at Monmouth failed to adequately compensate employees for donning, doffing and related activities;

- 4 -

**WHEREAS**, based upon their discovery, investigation and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs and Plaintiffs' Counsel on behalf of the Class and the Named Plaintiffs, as defined herein, have agreed to settle the Lawsuit pursuant to the provisions of this Agreement after considering, among other things, (i) the substantial benefits to Plaintiffs and the Class under the terms of this Settlement Agreement, (ii) the attendant risks and uncertainty of litigation, especially in complex actions such as this Lawsuit, as well as the difficulties and delays inherent in such litigation, (iii) the possibility and likelihood of appeals even if Plaintiffs prevail on a class-wide basis, and (iv) the desirability of consummating this Settlement Agreement promptly, in order to provide effective relief to Plaintiffs and the Class.

**WHEREAS**, Plaintiffs and Plaintiffs' Counsel agree that this Settlement Agreement is fair, reasonable and adequate because it provides substantial and immediate monetary relief for alleged past violations, is in the best interests of the Class, and resolves fairly the claims alleged in the Lawsuit, and avoids the considerable risks and delays of further litigation;

**WHEREAS**, Monmouth expressly denies any wrongdoing alleged in the pleadings filed in the Action and does not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against it in the Lawsuit, and disagrees that it is liable for any additional compensation to employees for donning, doffing and related activities, either currently or in the past;

**WHEREAS**, while Monmouth expressly disagrees that any additional compensation is owed to employees for donning, doffing and related activities, Monmouth believes that those employees who donned mesh gloves, mesh sleeves, plastic arm guards, mesh aprons, knife belts, polar gloves, and/or belly guards ("Personal Protective Equipment") prior to the Plant

Reengineering could have an argument that, based on recent caselaw, they are owed additional compensation for donning, doffing and related activities;

**WHEREAS**, while Monmouth expressly disagrees that any additional compensation is owed to employees who work in positions where they don any other clothing, gear or equipment supplied by Farmland, such as helmets, boots, smocks, hairnets and earplugs ("Other Equipment"), and expressly disagrees that any additional compensation is owed to employees who work in positions where they don Personal Protective Equipment after the Plant Reengineering date, Monmouth nevertheless considers it desirable to provide these employees with compensation in the interests of eliminating all potential claims and achieving final resolution of all potential issues in this Lawsuit;

**WHEREAS**, Monmouth considers it desirable for the Lawsuit to be settled and dismissed, including claims by all employees who wear Personal Protective Equipment and claims by all employees who wear Other Equipment, because this Settlement will (i) ensure that employee morale is not disrupted, (ii) avoid disruption of the management and operation of Monmouth's business due to the pendency and defense of the Lawsuit, (iii) put Plaintiffs' claims and the underlying matters to rest, (iv) provide the parties with a final resolution to the dispute, and (v) avoid substantial expense, burdens and uncertainties associated with continued litigation of the claims;

**WHEREAS**, after extensive arms-length negotiations, conducted over 4 sessions and 5 days, on August 3, 2006, October 19, 2006, January 4-5, 2007, and January 12, 2007, Plaintiffs and Defendant wish to a settle this Lawsuit subject to approval of the Court and cause the dismissal with prejudice of the Lawsuit subject to the approval of the Court;

**WHEREAS**, Plaintiffs seek to represent the Settlement Class, as defined herein, and Defendant agrees that a Settlement Class should be certified solely for the purpose of effectuating a settlement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the parties that the Action shall be settled, subject to the Court's approval, on the following terms and conditions (the "Settlement Agreement"):

1.      For settlement purposes only, the parties hereto agree that the following settlement class (the "Settlement Class") should be certified:

> All persons who have been employed as hourly production employees at Farmland Foods, Inc.'s Monmouth plant during any time from October 29, 2003, through February 8, 2007, and all hourly employees who are employed in the plant as of February 8, 2007.

The Class period runs through February 8, 2007 ("Class Period Close Date"). All persons within the Settlement Class are referred to herein as the "Settlement Class Members." Settlement Class Members who are hourly production employees and employed by Farmland on the Class Period Close Date are referred to herein as "Employed-Production Settlement Class Members." Settlement Class Members employed with Farmland as of February 8, 2007 who work in non-production jobs and are paid hourly are referred to herein as "Employed Non-Production Settlement Class Members." Employed-Production Settlement Class Members and Employed Non-Production Settlement Class Members are referred to collectively herein as "Employed Settlement Class Members," unless specifically identified. Settlement Class Members not employed by Farmland on the Class Period Close Date are referred to herein as "Formerly-Employed Production Settlement Class Members." Former employees whose employment was terminated prior to February 8, 2007 and who did not work as hourly production employees, but worked in jobs which were closely associated with the production process, are not considered

- 7 -

"Formerly-Employed Production Settlement Class Members" and are not a part of the Settlement Class.

2.      If the Settlement is not approved, Farmland's stipulation to certification of the above Settlement Class shall be null and void *ab initio* and may not be used or relied upon by Plaintiffs, Class Counsel or any Settlement Class Member for any purpose whatsoever in the Lawsuit or otherwise. "Class Counsel" as used herein shall mean Brian McCafferty his law firm, Kenney, Lennon & Egan; Michael Hamilton and his law firm Provost Umphrey Law Firm LLP; and Jairus M. Gilden. Farmland's Counsel as used herein shall mean Blair Hanzlik and his law firm McGuire Woods LLP, and Alan Cotler and Shannon Elise McClure and their law firm Reed Smith LLP.

3.      After execution of this Settlement Agreement, counsel for Plaintiffs and Defendant shall file a Joint Motion for Preliminary Approval of the Class Action Settlement, Approval of Class Notice, Certification of a Settlement Class, and Appointment of Class Counsel, asking the Court to enter an order (the "Preliminary Approval Order") in the form attached as Exhibit A, preliminarily approving this Settlement Agreement, certifying a settlement class, appointing Class Counsel, and approving and authorizing the distribution of the Class Notice and Calculation of Days Worked ("Class Notice"), in the form attached as Exhibit B, to all Settlement Class Members. The Class Notice will be provided to all Settlement Class Members in both English and Spanish. Thereafter, pursuant to the schedule established in the Preliminary Approval Order, counsel for Plaintiffs and Defendant shall file a joint motion requesting the Court to grant final approval of the Settlement and requesting entry of an order (the "Final Approval Order") in the form attached as Exhibit C finally approving the Settlement.

- 8 -

4.      As partial consideration for this Settlement, Farmland will pay the sum of $977,000 (hereinafter the "Settlement Fund").  Class Counsel shall apply to the Court for an award of attorneys' fees and costs to be paid from the Settlement Fund in the amount of 33% of the Settlement Fund ("Attorneys' Fees and Costs Award"), an amount which includes reimbursement of reasonable out-of-pocket litigation expenses and costs.  See Paragraph 16, infra.  The portions of the Settlement Fund to be used to distribute monies to Formerly-Employed Production Settlement Class Members and to fund the Attorneys' Fees and Costs Award shall be deposited with the Settlement Administrator by Farmland within fifteen (15) days of the Court signing the Preliminary Approval Order.  Farmland, or its affiliates, shall reserve in its operating accounts the portion of the Settlement Fund which will compensate Employed Settlement Class Members.  Farmland shall keep a separate and detailed log of all deposits, payments and reimbursements associated with this portion of the settlement for Employed Settlement Class Members.  The Settlement Fund shall be used to pay all Settlement Class Members who are entitled to participate in the distribution of settlement proceeds pursuant to this Settlement Agreement and the accompanying Exhibits.  The Attorneys' Fees and Costs Award, in the amount of 33% of the Settlement Fund, shall compensate Class Counsel for all Court-approved attorneys' fees, and shall compensate the named Plaintiffs for their services as Class representatives.  The Attorneys' Fees and Costs Award shall also be utilized to pay for one-half (1/2) of all "Settlement Costs," which are reasonable costs associated with the printing and mailing of the Class Notice attached as Exhibit B and mailing of the checks to Formerly-Employed Production Settlement Class Members who participate in the Settlement in the manner specified in paragraph 7, and those Employed Settlement Class Members identified by Farmland as no longer employed as of the date of check distribution to Employed Settlement Class

- 9 -

Members, and tracking opt-outs and objectors. Farmland will pay the remaining one-half (1/2) of the Settlement Costs. Farmland's one-half (1/2) share of the Settlement Costs is an additional amount above and beyond the amount of the Settlement Fund and shall be paid from Farmland's operating expenses. Class Counsel's one-half share and Farmland's one-half share of the Settlement Costs may be reimbursed as provided in paragraph 5, infra. Farmland's overhead costs and the costs associated with time spent by its employees in assisting with settlement administration shall not be reimbursed from the Settlement Fund.

5.    All $977,000 in the Settlement Fund shall be expended in connection with the Settlement, and no money shall revert to Farmland. If any money is not disbursed, because, for example, some Claimants (defined in paragraph 7, infra) do not cash their settlement checks within 60 days of the checks' issuance (including checks that remain uncashed because they are returned as undeliverable), the Settlement Administrator shall reimburse Farmland and Class Counsel in equal amounts for the Settlement Costs. Any additional amounts remaining in the Settlement Fund after full reimbursement of Farmland and Class Counsel for Settlement Costs will be distributed in equal amounts to all Employed Settlement Class Members who are still employed by Farmland on the date 10 days after Farmland and Class Counsel are reimbursed for Settlement Costs ("Second Distribution to Employed Settlement Class Members"). Any additional amounts remaining in the Settlement Fund after the Second Distribution to Employed Settlement Class Members will be donated *cy pres* to the American Cancer Society Relay For Life of Warren County. Any and all funds in the Settlement Fund remain the property of the Settlement Fund even if checks are not cashed; at no time shall any of the amounts in the Settlement Fund be treated as unclaimed property.

6.      The parties have appointed BrownGreer PLC ("Settlement Administrator") to administer this Settlement.  The selection of BrownGreer PLC's engagement shall be agreed upon by each party, and agreement shall not be unreasonably withheld.

7.      After reducing the Settlement Fund by the reasonable amounts necessary to cover the Attorneys' Fees and Costs Award and Farmland's share as employer of any applicable employment taxes, the balance of the Settlement Fund the ("Net Settlement Fund") shall be distributed to any Settlement Class Members who (i) do not exclude themselves from the Settlement and (ii) either are Employed Settlement Class Members, or are Formerly-Employed Production Settlement Class Members whose Class Notice is not returned by the United States Postal Service as Undeliverable Mail.  All persons entitled to distribution from the Settlement Fund pursuant to this paragraph shall be deemed "Claimants."  "Undeliverable Mail" is mail which is sent to updated addresses as obtained by the Settlement Administrator, and is returned by the United States Postal Service as undeliverable, without any forwarding address information.  Such distributions to Claimants shall be in an amount calculated pursuant to the steps set forth in the following subparagraphs 7(a) and 7(b).

      a.      Step #1 of the Calculation:

            (i.)     Each Employed-Production Settlement Class Member and Formerly-Employed Production Settlement Class Member shall receive credit in the approximate amount of $0.60568 for each day worked from October 29, 2003 through July 31, 2006;

            (ii.)    Each Employed-Production Settlement Class Member and Formerly-Employed Production Settlement Class Member shall

- 11 -

receive credit in the approximate amount of $0.03697 for every other day worked from August 1, 2006 through February 8, 2007;

(iii.) in recognition of the active tenure and continued performance of Farmland's current employees, each Employed-Production Settlement Class Member will receive a credit of $20.00 in addition to the amounts owed pursuant to paragraphs 7(a)(i) and 7(a)(ii), supra; and,

(iv.) in recognition of the active tenure and continued performance of Farmland's current employees, each Employed Non-Production Settlement Class Member will receive a credit of $20.00 but will not receive any credit pursuant to subparagraphs 7(a)(i), 7(a)(ii), and 7(a)(iii), supra.

Final adjustments to the amounts specified in Step #1 will be made as necessary to address the distribution of funds which had been set aside for Settlement Class Members whose Class Notice is returned as Undeliverable Mail or who opt out of the Settlement.

b.     Step #2 of the Calculation: The amount to which each Settlement Class Member is entitled shall be determined by multiplying the Net Settlement Fund by a ratio, the numerator of which shall be the amount credited to that Settlement Class Member pursuant to Step #1 above and the denominator of which shall be the total amount credited to all Settlement Class Members pursuant to Step #1 above. By way of example only, if pursuant to Step #1 above Settlement Class Member "A" were credited with the approximate amount of $600, and if the total amount credited to all Settlement Class Members pursuant to those steps were

$1,000,000, and if the Net Settlement Fund were $890,000, then Settlement Class Member "A" would be entitled to approximately $534 ($890,000 x ($600 ÷ $1,000,000) = $534). By way of further example only, if pursuant to Step #1 above Settlement Class Member "A" were credited with the approximate amount of $600, and if the total amount credited to all Settlement Class Members pursuant to those steps were $800,000, and if the Net Settlement Fund were $890,000, then Settlement Class Member "A" would be entitled to approximately $667.50 ($890,000 x ($600 ÷ $800,000) = $667.50).

      c.     In determining a Settlement Class Member's entitlement to distribution, the Settlement Administrator will initially rely on Farmland's records relating to the participating Settlement Class Member's employment and Farmland's calculations regarding what each Settlement Class Member is due. Farmland shall provide the Settlement Administrator and Class Counsel: (i) the name, social security number, employee number, and last known address of all Settlement Class Members; (ii) the hiring and termination dates for each Settlement Class Member; (iii) the number of days each Settlement Class Member worked during the periods described in subparagraphs 7.a., above; and (iv) the total amount due to each Settlement Class Member.

      (i.)     If a Settlement Class Member wishes to challenge the hiring and/or termination dates, as stated in the Class Notice, the Settlement Class Member must send a letter to the Settlement Administrator, together with documentary evidence of an actual hiring or termination date, received by the Settlement Administrator no later than thirty (30) days after mailing of the Class Notice to Formerly-Employed Production Settlement Class Members, or for Employed Settlement Class Members no later than thirty (30) days after distribution of the Class Notice. With respect to the date of receipt for purposes of this subparagraph, the Settlement

Administrator's records shall be deemed dispositive. If a Settlement Class Member does not challenge the hiring and/or termination dates stated in the Class Notice, it will be presumed that Farmland's dates are correct.

(ii.)    Counsel for the parties shall jointly resolve all challenges made by Settlement Class Members to the stated hiring and/or termination dates. In the event that counsel for the parties cannot jointly resolve challenges within three (3) days of notice of the challenge, the parties shall submit the challenge, along with all documentary evidence, to the Settlement Administrator, who will render the final decision on the challenge.

d.    The Settlement Administrator shall handle mailing of Class Notice and mailing of checks to Formerly-Employed Production Settlement Class Members and those Employed Settlement Class Members identified by Farmland as no longer employed as of the date of check distribution to Employed Settlement Class Members. Farmland will distribute Class Notices and checks to the remaining Employed Settlement Class Members along with distribution of regular Farmland paychecks. The Settlement Administrator will track opt-out and objectors for all Settlement Class Members.

e.    In order to receive a distribution from the Net Settlement Fund, Employed Settlement Class Members who are employed by Farmland on the date when distributions are made to Employed Settlement Class Members will receive an additional check with their paychecks, assuming they have not excluded themselves from the settlement. Such checks will be in the amount to which each is entitled, less payroll taxes ordinarily borne by workers. Within ten (10) days of distributing checks to Employed Settlement Class Members, Farmland will advise the Settlement Administrator if any Employed Settlement Class Member's check

could not be distributed by Farmland, and such Employed Settlement Class Members' checks will be distributed by the Settlement Administrator.

    f.  The Settlement Administrator shall update the addresses of all Formerly-Employed Production Settlement Class Members and those Employed Settlement Class Members identified by Farmland as no longer employed as of the date of check distribution to Employed Settlement Class Members through the Lexis Nexis Credit Bureau Scrub.  In order to receive a distribution from the Net Settlement Fund, Formerly-Employed Production Settlement Class Members and those Employed Settlement Class Members identified by Farmland as no longer employed as of the date of check distribution to Employed Settlement Class Members must have successfully received the Class Notice, as evidenced by the Class Notice not being returned by the United States Postal Service as Undeliverable Mail, and must not have excluded themselves from the Settlement.  If the United States Postal Service returns any mail with a forwarding address, the Settlement Administrator will mail the Class Notice to the forwarding address within three (3) business days of return by the United States Postal Service and shall use any such forwarding address for future communications with Settlement Class Members.  Any Formerly-Employed Production Settlement Class Member and those Employed Settlement Class Members identified by Farmland as no longer employed as of the date of check distribution to Employed Settlement Class Members whose Class Notice is not returned as Undeliverable Mail shall be considered a Claimant and shall receive a distribution by means of the Settlement Administrator distributing a check via the United States Postal Service to the same address to which the Class Notice was successfully sent.  Checks shall be mailed by the Settlement Administrator to the address to which the Class Notice was successfully sent.  Such checks will be in the amount to which each is entitled, less payroll taxes ordinarily born by workers.

- 15 -

g.      Each check mailed or delivered to Claimants shall bear the following statement: "By endorsing this instrument, Plaintiff hereby consents to the settlement agreement and forever discharges Farmland from all claims brought or which could have been brought by Gregory Churchill, Robert Deloach, Jonathan Richard, Sandra Crews, Jason Smith, Kim Linneman, Connie Hedges, Elizabeth Bavery, Charles Rowsey, Katie Babcock, Andrew Wren, Charles Furman, Yvonne Hammond, Tracy Cassiday, Christopher Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler, Danielle Florence, Stacey Burgess, Michelle Darmer, Kevin Winking, Melissa Miller, Luana Johnson, and Robert McIntyre, on behalf of themselves and all other similarly situated individuals v. Farmland Foods, Inc., a Delaware Corporation, a wholly owned subsidiary of Smithfield Foods, Inc. from October 29, 2003 to February 8, 2007, including but not limited to claims filed under state or federal statutory or common law for unpaid wages, including but not limited to the Fair Labor Standards Act, 29 U.S.C. § 216(b)." The endorsement will be printed or stamped on the back of the check in both English and Spanish.

h.      If any checks remain uncashed more than sixty (60) days after mailing, including any checks returned as undeliverable, then such checks shall become void and the remaining funds shall be distributed pursuant to paragraph 5, supra.

8.      As compensation for the time and cooperation of Gregory Churchill, Robert Deloach, Jonathan Richard, Sandra Crews, Jason Smith, Kim Linneman, Connie Hedges, Elizabeth Bavery, Charles Rowsey, Katie Babcock, Andrew Wren, Charles Furman, Yvonne Hammond, Tracy Cassiday, Christopher Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler, Danielle Florence, Stacey Burgess, Michelle Darmer, Kevin Winking, Melissa Miller, Luana Johnson, and Robert McIntyre ("Named Plaintiffs") in assisting Plaintiffs' counsel with their representation of the Class, each Named Plaintiff will receive $350 from the 1/3 portion of the

Settlement Fund that is being reserved for payment of the Attorneys' Fees and Costs Award.  See

Paragraph 16, infra.  The $350 fee will also be paid to Leslie Moore, Matt Cole, and Bradley

Dennis, who would have been named as additional class representatives in an Amended

Complaint which was not filed due to successful settlement negotiations.

9.    In order to exclude themselves from the Settlement, Settlement Class Members

must mail to the Settlement Administrator a letter received by the Clerk of Court, United States

District Court for the Central District of Illinois, Rock Island Division, 40 U.S. Courthouse, 211

19th Street, Rock Island IL 61201, no later than seventy-five (75) days after the Preliminary

Approval Date, or no later than the date set by the court as the deadline for exclusion, stating that

he/she wishes to be excluded from the Settlement, and containing his/her name, address and

social security number.  In order to be effective, this letter must actually be received by the Clerk

of Court, United States District Court for the Central District of Illinois, Rock Island Division, 40

U.S. Courthouse, 211 19th Street, Rock Island IL 61201 no later than seventy-five (75) days

after the Preliminary Approval Date, or no later than the date set by the court as the deadline for

exclusion. With respect to the date of receipt for purposes of this subparagraph, the Clerk's

records shall be deemed dispositive.

10.    Settlement Class Members may also appear at the Final Approval hearing to

object to the Settlement.  A Settlement Class Member may only appear at the Final Approval

hearing to object to the Settlement if the Settlement Class Member submits a letter to the Clerk

of Court, United States District Court for the Central District of Illinois, Rock Island Division, 40

U.S. Courthouse, 211 19th Street, Rock Island IL 61201 stating the Settlement Class Member's

intention to object and containing his/her name, address and social security number.  In order to

be effective, this letter must be received by the Clerk of Court, United States District Court for

the Central District of Illinois, Rock Island Division, 40 U.S. Courthouse, 211 19th Street, Rock

Island IL 61201 no later than seventy-five (75) days after the Preliminary Approval Date, or no

later than the date set by the court as the deadline for objectors.  With respect to the date of

receipt for purposes of this subparagraph, the Clerk's records shall be deemed dispositive.

11.     Each Claimant shall indemnify Farmland, Plaintiffs, Class Counsel and the

Settlement Administrator for any tax liability, including penalties and interest, arising out of any

determinations that Farmland, Plaintiffs, Class Counsel, or the Settlement Administrator failed to

properly withhold tax amounts from any payment received by that Claimant.

12.     Farmland, Plaintiffs, Class Counsel and the Settlement Administrator shall not be

liable for any checks misdelivered or not delivered by the United States Post Office or Farmland.

Farmland, Plaintiffs, Class Counsel and the Settlement Administrator shall not be liable for

checks cashed by persons other than Settlement Class Members.  All Settlement Class Members

shall be deemed to have released Farmland even if they do not receive a check or if their check is

cashed by a person other than a Settlement Class Member.

13.     Farmland shall make payment to Employed Settlement Class Members, except

those identified by Farmland to the Settlement Administrator pursuant to paragraphs 7(d) and

7(f), supra, by distribution with regular paychecks, to the extent reasonably feasible.  The

Settlement Administrator will mail payments to Formerly-Employed Production Settlement

Class Members and those Employed Settlement Class Members identified by Farmland as no

longer employed as of the date of check distribution to Employed Settlement Class Members.

The settlement payments by Farmland to Claimants who are currently Employed Settlement

Class Members will be made within a reasonable time after the Effective Date, but no later than

forty-five (45) days after the Effective Date, and will be in the approximate amount indicated for each Settlement Class Member on the Class Notice, as affected by the provisions of Paragraph 7(a). Farmland shall provide written notification of the payments it has made and remit the remainder of the Net Settlement Fund to the Settlement Administrator within fifteen (15) days after Farmland makes settlement payments to Employed Settlement Class Members. The Settlement Administrator shall then make payments to Claimants who are Formerly-Employed Production Settlement Class Members and those Employed Settlement Class Members identified by Farmland as no longer employed as of the date of check distribution to Employed Settlement Class Members within ten (10) days after receiving this notice from Farmland.

14.     All Class Notice forms will provide that Settlement Class Members who do not timely exclude themselves from the Settlement Class shall be deemed to have released Farmland as described in paragraph 20 below. All Settlement Class Members will be deemed to have released Farmland even if their Class Notice form and/or check is returned undeliverable.

15.     Upon execution of this Settlement Agreement, the Plaintiff, Class Counsel, and Defendants will jointly file a Stipulation of Facts with the Court in the form attached hereto as Exhibit D. The parties agree that the Stipulation of Facts shall only be applicable to the Farmland plant involved in this litigation, and no party shall seek to use any statements in the Stipulation of Facts as evidence or admissions against any plants involved in other litigations. The Stipulation of Facts states that the Plaintiffs and Defendant agree that the current compensation practices at Farmland are in compliance with all local, state and federal laws, and the amount of compensation to employees for donning, doffing and related activities is adequate and fully compensates employees for all of these activities. Plaintiff, Class Counsel, and Defendants are satisfied and have agreed that the evidence in this case supports the filing of the Stipulation of

- 19 -

Facts.  Plaintiff, Class Counsel, and Defendants further agree that if the Settlement Agreement is not finally approved by the Court for whatever reason, then the Stipulation of Facts shall be null and void, and Class Counsel and Defendants will promptly submit a consent order stipulating that the Stipulation of Facts be vacated and withdrawn.

16.    Class Counsel shall apply to the Court for an award of attorneys' fees and costs to be paid from the Settlement Fund in the amount of 33% of the Settlement Fund, an amount which includes reimbursement of one-half (1/2) of the Settlement Costs and payments to the Named Class Members.  Farmland has agreed not to oppose Class Counsel's fee application in said amount.  The Settlement is not contingent upon Court approval of the amount sought in Class Counsel's fee application.  Any disputes between and among Class Counsel as to the allocation of the above-described attorneys' fees, expenses and costs shall be the sole responsibility of Class Counsel to resolve.  In no event shall Farmland have any liability for the allocation of Court-approved attorneys' fees, expenses and costs.  Settlement shall not be in any way delayed by the resolution or non-resolution of any disputes between and among Plaintiffs' Counsel (including Class Counsel) regarding the same.  One-half (1/2) of the Attorneys' Fees and Costs Award approved by the Court shall be paid by the Settlement Administrator from the Settlement Fund within ten (10) days of the Effective Date to Kenney, Egan, McCafferty and Young for distribution among all Class Counsel, less one-half (1/2) of the Settlement Costs.  The remainder of the Attorneys' Fees and Costs Award shall be paid by the Settlement Administrator from the Settlement Fund within seventy-five (75) days of the Effective Date to Kenney, Egan, McCafferty & Young for distribution among all Class Counsel.

17.    Within thirty (30) days after the Preliminary Approval Date, Farmland will:
(i) attempt to distribute to all Employed Settlement Class Members who report to work during

said period, a notice form substantially in the form attached as Exhibit B, subject to any changes

made by the Court; and (ii) provide the Settlement Administrator with the last known addresses

of all Formerly-Employed Production Settlement Class Members. The Settlement Administrator

shall update the addresses of all Formerly-Employed Production Settlement Class Members

through the Lexis Nexis Credit Bureau Scrub. Within thirty-five (35) days after the Preliminary

Approval Date, Farmland shall notify the Settlement Administrator of the identity and last

known address of Employed Settlement Class Members to whom it did not distribute said notice.

Within forty-five (45) days after the Preliminary Approval Date, the Settlement Administrator

shall mail to all Formerly-Employed Production Settlement Class Members, and those Employed

Settlement Class Members identified by Farmland, the Class Notice, substantially in the form

attached as Exhibit B and subject to any changes made by the Court. Class Notice forms mailed

by the Settlement Administrator shall be mailed to Settlement Class Members at their last known

address as reflected in Farmland's company records, as updated by the Settlement

Administrator's use of the Lexis Nexis Credit Bureau Scrub. If the United States Postal Service

returns any mail with a forwarding address, the Settlement Administrator will mail the Class

Notice to the forwarding address within three (3) business days of return by the United States

Postal Service and shall use any such forwarding address for future communications with

Settlement Class Members.

     18.    Not later than ninety (90) days after the Preliminary Approval Date (and not less

than ten (10) days prior to the final settlement approval hearing), the Settlement Administrator

shall prepare and serve upon Class Counsel and Farmland's Counsel: (a) a list of all persons who

objected to the settlement; (b) a list of all persons who have timely excluded themselves from the

Settlement Class, which Class Counsel shall promptly file with the Court; (c) copies of all of the

letters and envelopes the Clerk of Court received from such persons excluding themselves from

the Settlement Class or objecting to the Settlement; and (d) Farmland's calculation of the amount

due each Claimant and of the individual and aggregate value of the claims of Settlement Class

Members who have excluded themselves from participation in the Settlement pursuant to

paragraph 9.  The Settlement Administrator may assume for purposes of making the calculations

described in this paragraph that the Court will approve Class Counsel's petition for attorneys'

fees and costs in the maximum amounts sought by Class Counsel, as described in paragraph 16

herein.

19.     For purposes of this Agreement, "Judgment" means the order and judgment of the

Court which, as set forth in Exhibit C, among other things, grants final approval of the

settlement, approves distribution of the Settlement Fund, dismisses the Lawsuit with prejudice,

and determines the amount of attorneys' fees and costs to be paid to Class Counsel.  As used

herein, the term "Effective Date" means the date that the Judgment becomes final ("Final

Judgment"), which shall be deemed to be the last to occur of the following: (a) if an appeal or

review is not sought from the Judgment, the day after the expiration of the time for appeal of the

Judgment; or (b) if an appeal is sought from the Judgment, the day after (i) the Judgment is

affirmed without modification or the appeal is dismissed or denied, without alteration of the

Judgment in any respect unsatisfactory to Farmland, and (ii) the Judgment is no longer subject to

judicial review.

20.     For the consideration stated herein, the receipt, adequacy and sufficiency of which

are hereby acknowledged, Plaintiffs agree that the Lawsuit shall be dismissed with prejudice, and

Plaintiffs and all Settlement Class Members who do not timely exclude themselves from the

Settlement Class, including any other person acting on their behalf or for their benefit, and

including all Settlement Class Members whose mail is returned as Undeliverable Mail for any

reason and for whom the United States Postal Service does not provide forwarding address

information or whose address cannot be updated with the Lexis Nexis Credit Bureau Scrub

(collectively "Releasors") hereby releases, covenants not to sue, remises and forever discharges

Defendant, as well as its predecessors and successors in interest and present and former affiliates,

parents, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders,

general partners, limited partners, beneficiaries, representatives, heirs, attorneys, and assigns

(including, without limitation, any investors, trusts, or other similar entities) (collectively,

"Releasees") from any causes of action, claims, debts, contracts, agreements, obligations,

liabilities, suits, claims, damages, losses, or demands whatsoever ("Claims"), in law or in equity,

known or unknown at this time, suspected or unsuspected, which Plaintiff and the Class now

have or ever had, or may in the future have, against the Releasees, under any legal theory,

including, but not limited to, all claims under local, state or federal law, including claims for

violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b), the Illinois Minimum

Wage Law, and the Illinois Wage Payment and Collection Act or other acts, omissions or claims,

and for any general, special, consequential and punitive damages specifically related to such

claims, as well as any claims for disgorgement, restitution, injunctive relief, penalties, attorneys'

fees and/or costs of suit in connection with such claims, whether or not alleged, arising out of the

allegations in or subject matter of the Complaint from October 29, 2003 to the date of this

Settlement Agreement. This release is conditioned upon the final approval of this Settlement

Agreement by the Court and upon Plaintiffs, Class Counsel, and Defendant meeting its

obligations herein.

21.     Farmland shall have the right, but not the obligation, to be exercised in its sole discretion, to void this Agreement if Settlement Class Members exclude themselves in a number or an amount set forth in separate letter agreement the ("Letter Agreement") to be filed with the Court. The parties intend to ask the Court to allow them to file this separate Letter Agreement under seal.

22.     Plaintiffs, Class Counsel, Farmland, and Farmland's Counsel agree not to encourage, assist, or solicit persons to exclude themselves from the Settlement Class or object to the Settlement.

23.     Unless otherwise agreed by all parties, this Settlement Agreement and the Settlement shall be null and void if a Final Judgment is not entered. However, a reduction by the Court or by an appellate court of the attorneys' fees and expenses shall not render this Settlement Agreement null and void.

24.     It is expressly agreed and understood that this Settlement Agreement does not constitute an admission by any party and may not be offered, introduced, or admitted as evidence of liability or appended to any pleadings, motions, or briefs, except in an action brought to enforce the terms of this Settlement Agreement or as a defense to any cause of action, claim, or allegation, including but not limited to, a cause of action or claim barred or released by the terms hereof.

25.     This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiffs, the Settlement Class Members, the Released Parties, and their heirs, administrators, successors and assigns.

26.     In the event a Final Judgment is not entered, then: (a) this Settlement Agreement shall be of no force or effect; (b) this Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission of any kind or evidence: (i) of any violation of any statute, law or regulation, (ii) of any liability or wrongdoing by any of the Releasees, (iii) of the truth of any of the claims or allegations made in the Lawsuit; (iv) concerning liability on any of the Claims released in paragraph 20 of this Settlement Agreement or raised in the Lawsuit; (v) concerning the value of any claims by Plaintiffs or the Settlement Class Members; or (vi) concerning the propriety of certification of any Class.  Farmland expressly reserves all of its rights if the Settlement does not become final in accordance with the terms of this Settlement Agreement, including the right to contest class certification in the Lawsuit.  Any references in this Settlement Agreement to the alleged business practices of Farmland shall raise no inference respecting the propriety or impropriety of those business practices or any other business practices of Farmland.

27.     In the event that Final Judgment is not entered, Farmland shall not be obligated to make any payments, including any payments to participating Settlement Class Members or Class Counsel and shall retain the full amount of the Settlement Fund, except for amounts spent not to exceed one-half (1/2) of Settlement Costs, which shall not be recoverable by Farmland irrespective of whether Final Judgment is entered.

28.     This Settlement Agreement and the Letter Agreement described in paragraph 21 (collectively, the "Agreements") are intended by the parties as a final expression of their agreement and as a complete and exclusive statement of the terms thereof, all negotiations, considerations and representations between parties having been incorporated and merged herein, and may not be contradicted by evidence of any prior or contemporaneous agreement,

- 25 -

arrangement, understanding, representation or negotiation (whether oral or written) in any proceeding involving or concerning the Agreements. No course of prior dealings between the parties or their agents shall be relevant or admissible to determine the meaning of any of the terms of the Agreements. No representations, undertakings or agreements have been relied upon in the making of the Agreements other than those specifically set forth therein. No agreements between the parties hereto exist other than the Agreements. The Agreements can only be modified in writing executed by all parties hereto.

29.     All of the parties hereto shall be considered to be the drafters of this Agreement, and it shall not be interpreted or construed more favorably for any party.

30.     The parties hereto and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement and accompanying exhibits. Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of the release as set forth in paragraph 20 above, including, but not limited to, any suit, action or proceeding by a Settlement Class Member in which the provisions of the release and covenant not to sue are asserted by Farmland as a defense, constitutes a suit, action or proceeding arising out of or relating to this Settlement Agreement and the accompanying exhibits.

31.     The parties and counsel for the parties warrant and represent that counsel for the parties are duly authorized by their clients to execute this Agreement on their clients' behalf.

32.    Class Counsel, the Settlement Administrator, and Defendant may only destroy documents associated with Class Notice and with administration of the Settlement one (1) year after the Effective Date.

**IN WITNESS WHEREOF**, the undersigned have executed this Settlement Agreement as of _May 25_, 2007.


_____
Brian P. McCafferty, Esq.
Kenney Lennon & Egan
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
610.940.9099
610.940.0284 (fax)


Michael Hamilton, Esq.
Provost Umphrey Law Firm, LLP
2002 Richard Jones Rd.
Suite C-103
Nashville, Tennessee 37215
615.242.0199


Jairus M. Gilden, Esq.
2711 Eastwood Ave.
Evanston, IL 60201
847.328.8542


Attorneys for Plaintiffs


_____
Blair B. Hanzlik, Esq.
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL 60601
312.849.8100
312.849.3690 (fax)


Alan K. Cotler, Esq.
Shannon Elise McClure, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
215.851.8100


215.851.1420 (fax)


Attorneys for Defendant Farmland Foods, Inc.


- 27 -

**E-FILED**
Friday, 25 May, 2007  02:25:59 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| GREGORY CHURCHILL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Docket No. 4:06-cv-4023 |
| v. | ) Hon. Michael M. Mihm |
| | ) |
| FARMLAND FOODS, INC. | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |
| | ) |

# EXHIBIT 1-A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| **GREGORY CHURCHILL, et al.** | : | |
| **on behalf of themselves and all** | : | |
| **other similarly situated individuals** | : | |
| | : | **Case No. 4:06-CV-4023** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FARMLAND FOODS, INC.,** | : | **CLASS ACTION** |
| | : | |
| **Defendants.** | : | **Honorable Michael M. Mihm** |
| | : | **United States District Judge** |

**PRELIMINARY APPROVAL ORDER**

AND NOW, this __ day of _____, 2007, upon consideration of the

parties' Joint Motion for Certification of Settlement Class and Preliminary Approval of

Settlement and Class Notice, the Court having reviewed such Motion and the Settlement

Agreement and Release ("Settlement Agreement"), with supporting papers and the Court being

fully advised thereof, it is hereby ordered that:

1.      A class (the "Class") is provisionally certified for settlement purposes only,

comprised of all persons who have been employed as hourly production employees at Farmland

Foods, Inc.'s Monmouth plant during any time from October 29, 2003, through February 8, 2007

("Settlement Period"), and all hourly workers who are employed in the plant as of February 8,

2007.

2.      The Court appoints Named Plaintiffs Gregory Churchill, Robert DeLoach,

Jonathan Richard, Sandra Crews, Jason Smith, Kim Linneman, Connie Hedges, Elizabeth

Bavery, Charles Rowsey, Katie Bobcock, Andrew Wren, Charles Furman, Yvonne Hammond,

Tracy Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler, Danielle Florence, Stacey Burgess,

Michelle Darmer, Kevin Winking, Melissa Miller, Luana Johnson, Robert McIntyre, Leslie

Moore, Matt Cole, and Bradley Dennis as the representatives of the Class.

3.      The Court appoints Brian P. McCafferty, Esquire, of Kenney Egan McCafferty &

Young, Michael Hamilton, Esquire of Provost Umphrey Law Firm, and Jairus M. Gilden,

Esquire as Class Counsel ("Class Counsel").

4.      The proposed settlement as set forth in the Settlement Agreement executed by the

parties is preliminarily approved as fair, reasonable, and adequate, subject to a hearing for final

approval.

5.      A hearing ("Final Approval Hearing") is hereby set for October 19, 2007 at 9:00

a.m., in a courtroom at the Federal Building in Rock Island, Illinois to determine whether the

proposed settlement is fair, reasonable and adequate and should be finally approved; to consider

an award of attorneys' fees and expenses to Class Counsel; to consider the dismissal of the

Complaint; and to consider other related matters.

6.      No later than July 2, 2007 ("the Distribution Date"), Defendant Farmland shall

distribute the Class Notice and Calculation of Weeks Worked ("Notice") to Employed

Settlement Class Members with their regular paychecks.  No later than July 16, 2007 (the

"Mailing Date"), the Settlement Administrator shall mail by first class mail the Notice,

substantially in the form attached as Exhibit B to the Settlement Agreement (attached as Exhibit

1 to the Joint Motion for Preliminary Approval of Settlement), to Formerly-Employed Settlement

Class Members at their last known addresses as updated through use of the Lexis Nexis Credit

Bureau Scrub.

7.      No later than twenty (20) days after the Distribution Date and Mailing Date,

respectively, Defendant Farmland and Settlement Administrator shall cause to be filed with the

- 2 -

Clerk of this Court affidavits or declarations of the persons under whose general direction the

distribution and mailing of the Notice to Class Members was accomplished, showing that such

distribution and mailings have been made in accordance with this Order.

8.      The form and manner of giving notice to the Class set forth herein, to the extent

carried out, is hereby found to be the best notice practicable under the circumstances, and to

constitute due and sufficient notice of the settlement and the Settlement Hearing to all persons

entitled to receive such Notice as Class Members, in full compliance with due process and the

notice requirements of Rule 23(e) of the Federal Rules of Civil Procedure.

9.      Any Class Member who wishes to be excluded from the Class must do so as

provided in the Notice no later than September 14, 2007.  Any person who does not timely

request exclusion as provided in the Notice shall be included in the Class and bound by any Final

Judgment and Order entered by the Court.

10.      Any Class Member who objects to the Settlement, the class action determination

(including the determination of adequacy of representation), the Final Judgment and Order to be

entered herein, and/or the application for counsel fees, expenses and/or the incentive award for

the Representative Plaintiffs, or who otherwise wishes to be heard, may appear in person or by

his or her attorney at the Final Approval Hearing and present any evidence or argument that may

be proper and relevant; *provided, however*, that no person other than Representative Plaintiffs,

Class Counsel, and counsel for Defendant shall be heard, and no papers, briefs, pleadings or

other documents submitted by any such person shall be received and considered by the Court

(unless the Court in its discretion shall thereafter otherwise direct, upon application of such

person and for good cause shown), unless, no later than September 14, 2007, such person causes

a letter to be received by the Settlement Administrator, and submitted to the Clerk of this Court,

- 3 -

which clearly states (i) his/her name; (ii) his/her address; (iii) his/her intention to object; (iv) his/her social security number.

11.    Any person who fails to object in the manner prescribed above shall be deemed to have waived such objection and shall be forever barred from raising such objection in this action or any other action or proceeding.

12.    The parties will file papers in support of the proposed Settlement and the application for attorneys' fees, expenses and an incentive award for the Representative Plaintiffs with the Court no later than October 5, 2007.

13.    Pending the Final Approval Hearing, Settlement Class Members are enjoined from bringing or asserting any claim or action that was or could have been asserted in the Action or that arise out of the Released Claims.

14.    The Court reserves the right to adjourn the Settlement Hearing from time to time without further notice by adjournment announced in open court, and to approve the settlement and/or award of attorneys' fees and reimbursement of expenses to Class Counsel and other related matters at or after the Settlement hearing.

15.    This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by Defendants concerning (1) any liability, fault, or wrongdoing by Defendant; or (2) the appropriateness of class certification for any purposes other than settlement.  If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.  In that event, the certification shall be dissolved *ab initio* and all of the *status quo ante* rights of the parties shall be restored including,

- 4 -

but not limited to, Defendant's right to oppose certification of a class and/or the merits of Plaintiffs' claims on any grounds, legal or equitable. Neither the Settlement Agreement, nor any provision contained in the Settlement Agreement, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission or offered or received in evidence at any proceeding in this action or any other action or proceeding.

BY THE COURT

_____
Michael M. Mihm
U.S. District Judge

**E-FILED**
Friday, 25 May, 2007  02:26:13 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

GREGORY CHURCHILL, et al.            )
                                        )
Plaintiffs,                          )
                                        ) Docket No. 4:06-cv-4023
v.                                 ) Hon. Michael M. Mihm
                                         )
FARMLAND FOODS, INC.            )
                                         )
Defendant.                         ) JURY TRIAL DEMANDED
                                         )

# EXHIBIT 1-B

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

**IF YOU HAVE BEEN EMPLOYED AS AN HOURLY PRODUCTION EMPLOYEE OF FARMLAND FOODS, INC. ("FARMLAND" OR "COMPANY") AT ITS MONMOUTH, ILLINOIS PORK PROCESSING FACILITY DURING ANY TIME FROM OCTOBER 29, 2003 THROUGH FEBRUARY 8, 2007 OR WERE EMPLOYED WITH FARMLAND IN MONMOUTH AS AN HOURLY EMPLOYEE AS OF FEBRUARY 8, 2007, YOU COULD GET MONEY FROM A CLASS ACTION SETTLEMENT.**

<u>The United States District Court for the Central District of Illinois ("the Court") authorized this notice.  This is not a solicitation from a lawyer.  This is not a notice that you have been sued.</u>  The $977,000.00 settlement will cover people who either are or were hourly production employees of Farmland in its Monmouth, Illinois pork processing facility during any time from October 29, 2003 through February 8, 2007 or hourly employees who were employed in the plant as of February 8, 2007.  The settlement, subject to court approval, resolves a lawsuit over whether Farmland fully compensated its hourly employees for all time spent putting on, taking off, cleaning, maintaining, and waiting for work-related clothing, gear, and equipment and all time spent traveling between the changing areas and the workers' assigned work areas.  If you are a Class Member, your legal rights are affected by the settlement, regardless of whether you act or do not act.  Read this notice carefully.

### BASIC INFORMATION

You either are or were employed by Farmland as an hourly production employee in its Monmouth, Illinois pork processing facility during any time from October 29, 2003 through February 8, 2007 or you are an hourly employee who is or was employed in the plant as of February 8, 2007.  The Court caused this notice to be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  This Notice explains this lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Lawsuit claimed that Farmland violated the federal Fair Labor Standards Act and Illinois law by failing to fully compensate workers in or at its Monmouth, Illinois pork processing facility for all time spent putting on, taking off, cleaning, maintaining, and waiting for work-related clothing, gear, and equipment and all time spent traveling between the changing areas and the workers' assigned work areas.  For the purposes of settlement, everyone who fits the following description is a Class Member:  All persons who have been employed as hourly production employees of Farmland Foods's Monmouth, Illinois pork processing facility during any time from October 29, 2003 through February 8, 2007, and all hourly employees who are or were employed in the plant as of February 8, 2007.

Plaintiffs and Defendants agreed to settle the Lawsuit.  That way, they avoid the cost of a trial, and current and former Farmland production employees can receive compensation.  Attorneys for Farmland and the Plaintiffs met in four separate negotiating sessions over five days in order to settle this case, and extensive negotiations led to the settlement described in this Notice.  Plaintiffs' counsel visited the Farmland plant to observe employees putting on, taking off, cleaning, maintaining, and waiting for work-related clothing, gear, and equipment.  Plaintiffs' lawyers believe that the proposed settlement is fair and reasonable and in the best interest of the Class because the settlement creates a $977,000.00 settlement fund and avoids the considerable risks and delays involved in continuing the Lawsuit.  From Farmland's perspective, although it contends it did nothing wrong, settling now means that Farmland does not have to keep spending money, time, and effort on the Lawsuit when it can give the money to its employees instead and resolve their claims.

### THE SETTLEMENT BENEFITS:  WHAT YOU GET

Farmland has agreed to create a $977,000 fund to settle the Lawsuit.  All of this money will be paid out.  Some portion will be taken from the fund to pay for the cost of notice and settlement administration.  The amounts approved by the Court for Plaintiffs' attorney's fees and expenses for their efforts on behalf of the Class also will be deducted from the fund.  Your share of the settlement fund depends on the length of your employment with Farmland and the work-related clothing, gear or equipment that you wore as part of your job.  After deductions for the cost of notice, settlement administration, Plaintiffs' attorneys' fees and expenses, the remainder of the settlement fund (called the "Net Settlement Fund") will be distributed to Class Members, on a proportional basis, based on the following formula:

Each Class Member who works in production shall receive credit: (i) in the approximate amount of $0.60568 for each day worked from October 29, 2003 through July 31, 2006 in which he/she worked in a production position at Farmland; (ii) in the approximate amount of $.003697 for every day from August 1, 2006 through February 8, 2007 in which he/she worked in a production position at Farmland; and (iii) in the amount of $20.00 total for each currently employed Farmland production worker.  Class Members who are not employed in production but are paid hourly and worked at the plant as of February 8, 2007 will receive a check in the amount of $20.00 total.

Payments will not be made unless and until the Court grants final approval to the settlement and any possible appeals from such a final approval order have been completed.  If any money is not disbursed, because for example, some Claimants do not cash their settlement checks in time, the Settlement Administrator shall reimburse Farmland and Class Counsel in equal amounts for the all of

the costs of settlement administration (to the extent such funds are left over). Any additional amounts remaining in the Settlement Fund, after reimbursement to Farmland and Class Counsel for settlement administration costs, will be distributed in equal amounts to all settlement class members who are still employed by Farmland on the date 10 days after Farmland and Class Counsel are reimbursed for Settlement Costs. This second distribution will only be made if funds are left over.

If you do not exclude yourself from the settlement, if the settlement is approved, if you are employed by Farmland if and when the Settlement becomes final, and you are entitled to receive the benefit of the Settlement, you will, to the extent reasonably possible, receive payment from Farmland with an upcoming paycheck. Farmland will withhold all applicable employee payroll taxes at the time this payment is made based on your W-2 Form on file with Farmland. If you are not employed by Farmland if and when the settlement becomes final, and are entitled to receive the benefit of the settlement, a check will be sent to you in the mail from the Settlement Administrator. Farmland will withhold all applicable employee payroll taxes at the time this payment is made based on your W-2 Form on file with Farmland. Class Counsel and Farmland cannot provide you with tax advice, so if you have any question about any payment you receive, you should consult your own tax professional.

If the Court grants final approval to the settlement and you are a current Farmland employee on the date of final Court approval, you do not need to do anything to be eligible to receive money from the settlement. Unless you exclude yourself from the settlement by following the procedure described below, you will receive payment directly from Farmland as long as you are employed by Farmland when the settlement becomes final. If you are not employed by Farmland when the settlement becomes final, you will be sent a check in the mail from the Settlement Administrator as long as you do not exclude yourself from the Settlement Class. The Court will hold a hearing on October 19, 2007, to decide whether to approve the settlement. If the settlement is approved, it is possible there may be an appeal by someone. Please be patient.

Unless you exclude yourself, you are staying in the Class if the settlement is approved. That means that you will give up any claims relating to the Lawsuit and cannot sue Farmland for failing to fully compensate you or other workers in its Illinois pork processing facility for time spent putting on, taking off, cleaning, maintaining, and waiting for work-related clothing, gear, and equipment and time spent traveling between the changing areas and assigned work areas, or other claims that could have been included in the suit. The full release is contained in the Settlement Agreement, and you should review it if you have any questions.

The United States District Court for the Central District of Illinois is in charge of the case and the case is known as <u>Gregory Churchill, et al., v Farmland Foods, Inc. et al.</u>, Case No. 4:06-CV-4023 ("Lawsuit"). The people who sued are called the "Plaintiffs" and Farmland is called the "Defendant."

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want a payment from this settlement, and instead want to keep your claims and the right to sue Farmland on your own, then you must take steps to get out of the Class. This is called excluding yourself from or opting out of the Class.

**If you decide to exclude yourself from the class, you will need to hire your own lawyer at your own expense. Class counsel cannot and will not represent workers who exclude themselves from the settlement.**

**To exclude yourself from the Class you must send a letter by mail saying that you want to be excluded from <u>Gregory Churchill, et al., v Farmland Foods, Inc. et al.</u>, Case No. 4:06-CV-4023. Be sure to include your name, address, telephone number, social security number and your signature. To be valid, an exclusion request must be received no later than September 14, 2007 by Clerk of Court, United States District Court for the Central District of Illinois, Rock Island Division, 40 U.S. Courthouse, 211 19th Street, Rock Island IL 61201.**

**If you ask to be excluded from the Class, you will not receive any settlement payment if the settlement is approved, and you cannot object to the settlement. If you exclude yourself, you will not be legally bound by anything that happens in this Lawsuit.**

The law firms that brought the Lawsuit have been representing you and the other Class Members. These lawyers are called Class Counsel and they are: Brian P. McCafferty from Kenney Egan McCafferty & Young; Michael Hamilton from Provost Umphrey Law Firm and Jairus M. Gilden. You can send any questions to them by contacting the Settlement Administrator at: Farmland Foods, Inc. Settlement, BrownGreer PLC, P.O. Box 85014, Richmond, Virginia 23285.

Class counsel has worked on this case so far without receiving any payments at all for their work or their out-of-pocket case expenses. They will ask the Court for attorneys' fees plus reasonable out-of-pocket case costs and expenses costs up to 33% of the settlement fund, for all of the lawyers that worked on the case. Farmland has agreed not to oppose this request. The Court may award less than the amounts requested. The payments will come out of the settlement fund.

## OBJECTING TO THE SETTLEMENT

If you are a Class Member, you can object to the settlement if there is some part of the settlement you do not like. You can give reasons why you think the Court should not approve it. The Court will consider the views of all objectors.

**To object, you must send a letter saying that you object to the settlement. At the top of your letter objecting to the settlement, write "Notice of Intention to Appear in <u>Gregory Churchill, et al., v Farmland Foods, Inc. et al.</u>, Case No. 4:06-CV-4023." Be sure to include your name, address, telephone number, your social security number, your signature, and the reasons you object to the settlement. In order for your objection to be considered by the Court, it must be received by Clerk of Court, United States District Court for the Central District of Illinois, Rock Island Division, 40 U.S. Courthouse, 211 19th Street, Rock Island, IL 61201 no later than September 14, 2007.**

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You do not need to attend that hearing, but are welcome to attend if you so desire.

The Court will hold a Fairness Hearing on October 19, 2007, at 9:00 a.m. at the Federal Building, United States District Court for the Central District of Illinois, Rock Island Division, 40 U.S. Courthouse, 211 19th Street, Rock Island, IL 61201. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. While everyone receiving this notice is invited to attend the hearing, the Court will only hear from people who have made a written request to speak at the hearing. In order to speak at the hearing, you must have sent in a timely objection. In order for you to speak at the hearing, you must have sent in an objection that was **received** by the Clerk of Court no later than **September 7, 2007**. You cannot speak at the hearing if you excluded yourself from the Class. After the hearing, the Court will decide whether to approve the settlement and how much to pay to Class Counsel. We do not know how long these decisions will take.

## IF YOU DO NOTHING

**<u>If you do nothing at all, you will be considered part of the settlement class and you will receive proceeds from the settlement if the settlement is approved by the Court.</u>**

## GETTING MORE INFORMATION

This Notice summarizes the most important aspects of the proposed settlement. You can get a copy of the entire Settlement Agreement by writing to the Settlement Administrator at Farmland Foods, Inc. Settlement, BrownGreer PLC, P.O. Box 85014, Richmond, Virginia 23285. **PLEASE DO NOT CALL THE COURT, THE CLERK, OR FARMLAND OR ITS COUNSEL ABOUT THIS SETTLEMENT.**

## INFORMATION ABOUT THE AMOUNT OF MONEY YOU ARE ELIGIBLE TO RECEIVE

[SPACE FOR BROWNGREER TO PROVIDE EMPLOYEE-SPECIFIC INFORMATION]
Name/Social Security Number/Employee Number:
Hiring/Termination Dates:
Number of Days Worked for which you are entitled to as a current production employee:
(a) $0.60568 ____; (b) $0.03697 ____; (c) $20.00 (current production) ____;
OR (d) $20.00 (current non-production worker) ____
Total amount due:

**If you ask to be excluded from the Class, you will not receive any settlement payment, and you cannot object to the settlement.**

## CHALLENGING THESE CALCULATIONS

If you wish to challenge the hiring and/or termination dates listed above or the determination of the number of days you worked for any category (i) through (iv), you must send a letter, together with documents showing evidence of an actual hiring or termination date or documents showing the number of months you believe you deserve credit for, to the Settlement Administrator. Both the letter and documentary evidence must be **received** by the Settlement Administrator no later than **August 15, 2007**. If you do not challenge the hiring and/or termination dates or the number of weeks of credit to which you believe you are entitled to, it will be presumed that Farmland's information is correct. Counsel for the parties will jointly resolve all challenges made by you, and if the parties cannot resolve your challenge, the Settlement Administrator will resolve the challenge.

**PLEASE DO NOT CALL THE COURT, THE CLERK, OR FARMLAND OR ITS COUNSEL ABOUT THIS SETTLEMENT.**

**E-FILED**
Friday, 25 May, 2007  02:26:26 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| GREGORY CHURCHILL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Docket No. 4:06-cv-4023 |
| v. | ) Hon. Michael M. Mihm |
| | ) |
| FARMLAND FOODS, INC. | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |
| | ) |

# EXHIBIT 1-C

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **GREGORY CHURCHILL, et al.** | : | |
| **on behalf of themselves and all** | : | |
| **other similarly situated individuals** | : | |
| | : | **Case No. 4:06-CV-4023** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FARMLAND FOODS, INC.,** | : | **CLASS ACTION** |
| | : | |
| **Defendants.** | : | **Honorable Michael M. Mihm** |
| | : | **United States District Judge** |

## FINAL JUDGMENT AND ORDER

This matter having come before the Court for approval of a settlement in this action, the Court having considered all papers filed and proceedings held in connection with said motion, notice of hearing having duly been given in accordance with the Court's Preliminary Approval Order, a hearing having been held on October 19, 2007, there being no objections from the class members to the proposed settlement, and good cause appearing therefore, it is this _____ day of _____, 2007,

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Court has jurisdiction over the subject matter of this action and over all parties to this action.

2.      The Notice given to the Class was in compliance with the Preliminary Approval Order and such Notice was the best notice practicable under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of Due Process.

3.    The Court confirms its appointment of Brian P. McCafferty, Esquire, of Kenney Egan McCafferty & Young, Michael Hamilton of Provost Umphrey Law Firm and Jairus M. Gilden as Class Counsel ("Class Counsel").

4.    The March 23, 2007 Settlement Agreement filed with the Court on May 3, 2007 (the "Settlement Agreement") was arrived at as a result of arm's-length negotiations, conducted in good faith by counsel for the parties. None of the Class Members has filed an objection to the Settlement.

5.    The Court hereby approves the Settlement set forth in the Settlement Agreement. The Settlement, as set forth in the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the Class in light of the risks of establishing liability and damages; the range of reasonableness of the settlement in light of the best possible recovery; the range of reasonableness of the settlement in light of all the attendant risks of litigation, including but not limited to the risks of maintaining a class action through trial and appeal; the complexity, expense, and likely duration of litigation; the state of the proceedings and the amount of discovery completed; the recommendations of competent counsel; and the reaction of the class to the settlement. The Representative Plaintiffs, Class Members, and Defendant are directed to consummate the Settlement as provided in the Settlement Agreement.

6.    The Court hereby dismisses with prejudice and on the merits the lawsuit under the above caption.

7.    By this Order and the Judgment entered pursuant to it, the Court approves the release as set forth in Paragraph 20 of the Settlement Agreement. Therefore, all Plaintiffs and Class Members have released and do release the Released Parties as follows:

20.    For the consideration stated herein, the receipt, adequacy and sufficiency of which are hereby acknowledged, Plaintiffs agree that the Lawsuit

shall be dismissed with prejudice, and Plaintiffs and all Settlement Class
Members who do not timely exclude themselves from the Settlement Class,
including any other person acting on their behalf or for their benefit, and
including all Settlement Class Members whose mail is returned as Undeliverable
Mail for any reason and for whom the United States Postal Service does not
provide forwarding address information or whose address cannot be updated with
the Lexis Nexis Credit Bureau Scrub (collectively "Releasors") hereby releases,
covenants not to sue, remises and forever discharges Defendant, as well as its
predecessors and successors in interest and present and former affiliates, parents,
subsidiaries, insurers, officers, directors, agents, employees, members,
shareholders, general partners, limited partners, beneficiaries, representatives,
heirs, attorneys, and assigns (including, without limitation, any investors, trusts,
or other similar entities) (collectively, "Releasees") from any causes of action,
claims, debts, contracts, agreements, obligations, liabilities, suits, claims,
damages, losses, or demands whatsoever ("Claims"), in law or in equity, known
or unknown at this time, suspected or unsuspected, which Plaintiff and the Class
now have or ever had, or may in the future have, against the Releasees, under any
legal theory, including, but not limited to, all claims under local, state or federal
law, including claims for violation of the Fair Labor Standards Act ("FLSA") 29
U.S.C. § 216(b), the Illinois Minimum Wage  Law, and the Illinois Wage
Payment Collection Act, or other acts, omissions or claims, and for any general,
special, consequential and punitive damages specifically related to such claims, as
well as any claims for disgorgement, restitution, injunctive relief, penalties,
attorneys' fees and/or costs of suit in connection with such claims, whether or not
alleged, arising out of the allegations in or subject matter of the Complaint from
October 29, 2003 to the date of this Settlement Agreement.  This release is
conditioned upon the final approval of this Settlement Agreement by the Court
and upon Plaintiffs, Class Counsel, and Defendant meeting its obligations herein.

8.    The persons, named on the list provided to this Court by the Settlement

Administrator, who served a timely request for exclusion from the certified class in this Action

shall not be subject to the provisions of Paragraphs 6 and 7 of this Final Order and Judgment and

shall not be entitled to participate in the Settlement reached between the parties and are hereby

excluded from the certified class.

9.    Without affecting the finality of the Judgment entered pursuant to this Order, the

Court hereby reserves and retains continuing jurisdiction over the Settlement, including all

matters relating to the administration and effectuation of the Settlement Agreement.  Each party

and Class Member is hereby deemed to have submitted irrevocably to the jurisdiction of this

Court for any suit, action, proceedings, or dispute arising out of or relating to this Order or the

Settlement.

10.     Each Plaintiff and Class Member is hereby enjoined from prosecuting any

claim(s) that are released pursuant to Paragraph 7 of this Order.  Without affecting the finality of

this Judgment, the Court hereby reserves and retains jurisdiction to enforce this injunction.

11.     Class Counsel are hereby awarded counsel fees (to be paid by a portion of the

Settlement Fund as prescribed by the Settlement Agreement) of $_____.  The Court also

approves Class Counsel's litigation costs and expenses of $_____, plus any additional

amounts subsequently reasonably incurred by Class Counsel in connection with implementation

of this Agreement (as provided in Paragraph 4 of the Settlement Agreement).

BY THE COURT

_____

HONORABLE MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| GREGORY CHURCHILL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Docket No. 4:06-cv-4023 |
| v. | ) Hon. Michael M. Mihm |
| | ) |
| FARMLAND FOODS, INC. | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |
| | ) |

# EXHIBIT 1-D

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **GREGORY CHURCHILL, et al.** | : | |
| **on behalf of themselves and all** | : | |
| **other similarly situated individuals** | : | |
| | : | **Case No. 4:06-CV-4023** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FARMLAND FOODS, INC.,** | : | **CLASS ACTION** |
| | : | **Honorable Michael M. Mihm** |
| **Defendant.** | : | **U.S. District Judge** |
| | : | |

## STIPULATION OF FACTS

**IT IS HEREBY STIPULATED AND AGREED**, by, between and among Gregory
Churchill and the Representative Plaintiffs, in their individual and representative capacities
("Plaintiffs"), and Farmland Foods, Inc. (together with all of parents, affiliates, divisions,
subsidiaries, successors, and predecessors thereof, as more fully defined herein, collectively
"Farmland"), through their duly authorized counsel, that

**WHEREAS**, the First Amended Class Action Complaint assert claims alleging that
Farmland failed to fully compensate workers in its Monmouth, Illinois plant for all time spent
donning, doffing, cleaning, maintaining, and waiting to receive work-related gear, clothing, and
equipment, and for all time spent traveling between changing areas and work stations ("donning,
doffing and related activities");

**WHEREAS**, Farmland reengineered its fabrication floor on or about July 31, 2006
("Plant Reengineering") to reduce the time that employees spent engaging in donning, doffing
and related activities;

**WHEREAS**, in the course of informal discovery, Defendant responded to Plaintiffs'

requests for information, and Defendant produced detailed time studies relating to the Farmland plant evaluating the time employees spend engaged in donning, doffing and related activities for which Plaintiffs allege that they are entitled to additional compensation;

**WHEREAS**, in connection with settlement negotiations, Plaintiffs' counsel visited the Farmland plant on December 7, 2006, in order to witness the proposed class members engaging in donning, doffing and related activities while the Farmland plant was in full operation;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the parties that the current compensation practices at Farmland begun at the time of the Plant Reengineering are in compliance with all local, state and federal laws, and the amount of compensation currently paid to employees to compensate them for time spent engaged in donning, doffing, and related activities is adequate and fully compensates employees.

**IN WITNESS WHEREOF**, the undersigned have executed this Stipulation of Facts.

| | |
|---|---|
| _s/ Brian P. McCafferty_ | _s/ Blair B. Hanzlik_ |
| Brian P. Kenney, Esq. | Blair B. Hanzlik, Esq. |
| Brian P. McCafferty, Esq. | McGuireWoods LLP |
| Eric L. Young, Esq. | 77 W. Wacker Dr., Suite 4100 |
| Philip A. Downey, Esq. | Chicago, IL 60601 |
| Kenney Lennon & Egan | 312.849.8100 |
| 3031C Walton Road, Suite 202 | 312.849.3690 (fax) |
| Plymouth Meeting, PA 19462 | |
| 610.940.9099 | Of Counsel: |
| 610.940.0284 (fax) | Alan K. Cotler, Esquire |
| | Shannon E. McClure, Esquire |
| Attorneys for Plaintiffs | Reed Smith LLP |
| | 2500 One Liberty Place |
| Dated: May 3, 2007 | 1650 Market Street |
| | Philadelphia, PA 19103 |
| | (215) 851-8100 |
| | (215) 851-1420 (fax) |
| | |
| | Attorneys for Defendant Farmland Foods, Inc. |
| | Dated: May 3, 2007 |