

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GREGORY CHURCHILL, et al. on behalf of themselves and all other similarly situated individuals | |
| Plaintiffs, | Case No. 4:06-CV-4023 |
| v. | |
| FARMLAND FOODS, INC., | CLASS ACTION |
| Defendants. | Honorable Michael M. Mihm United States District Judge |

**PRELIMINARY APPROVAL ORDER**

AND NOW, this 30th day of May, 2007, upon consideration of the parties' Joint Motion for Certification of Settlement Class and Preliminary Approval of Settlement and Class Notice, the Court having reviewed such Motion and the Settlement Agreement and Release ("Settlement Agreement"), with supporting papers and the Court being fully advised thereof, it is hereby ordered that:

1.  A class (the "Class") is provisionally certified for settlement purposes only, comprised of all persons who have been employed as hourly production employees at Farmland Foods, Inc.'s Monmouth plant during any time from October 29, 2003, through February 8, 2007 ("Settlement Period"), and all hourly workers who are employed in the plant as of February 8, 2007.

2.  The Court appoints Named Plaintiffs Gregory Churchill, Robert DeLoach, Jonathan Richard, Sandra Crews, Jason Smith, Kim Linneman, Connie Hedges, Elizabeth Bavery, Charles Rowsey, Katie Bobcock, Andrew Wren, Charles Furman, Yvonne Hammond, Tracy Cassiday, Kelly Mize, Kathy Hillier, Conchetta Butler, Danielle Florence, Stacey Burgess,

Michelle Darmer, Kevin Winking, Melissa Miller, Luana Johnson, Robert McIntyre, Leslie Moore, Matt Cole, and Bradley Dennis as the representatives of the Class.

3.   The Court appoints Brian P. McCafferty, Esquire, of Kenney Egan McCafferty & Young, Michael Hamilton, Esquire of Provost Umphrey Law Firm, and Jairus M. Gilden, Esquire as Class Counsel ("Class Counsel").

4.   The proposed settlement as set forth in the Settlement Agreement executed by the parties is preliminarily approved as fair, reasonable, and adequate, subject to a hearing for final approval.

5.   A hearing ("Final Approval Hearing") is hereby set for October 19, 2007 at 9:00 a.m., in a courtroom at the Federal Building in Rock Island, Illinois to determine whether the proposed settlement is fair, reasonable and adequate and should be finally approved; to consider an award of attorneys' fees and expenses to Class Counsel; to consider the dismissal of the Complaint; and to consider other related matters.

6.   No later than July 2, 2007 ("the Distribution Date"), Defendant Farmland shall distribute the Class Notice and Calculation of Weeks Worked ("Notice") to Employed Settlement Class Members with their regular paychecks. No later than July 16, 2007 (the "Mailing Date"), the Settlement Administrator shall mail by first class mail the Notice, substantially in the form attached as Exhibit B to the Settlement Agreement (attached as Exhibit 1 to the Joint Motion for Preliminary Approval of Settlement), to Formerly-Employed Settlement Class Members at their last known addresses as updated through use of the Lexis Nexis Credit Bureau Scrub.

7.   No later than twenty (20) days after the Distribution Date and Mailing Date, respectively, Defendant Farmland and Settlement Administrator shall cause to be filed with the

Clerk of this Court affidavits or declarations of the persons under whose general direction the distribution and mailing of the Notice to Class Members was accomplished, showing that such distribution and mailings have been made in accordance with this Order.

8. The form and manner of giving notice to the Class set forth herein, to the extent carried out, is hereby found to be the best notice practicable under the circumstances, and to constitute due and sufficient notice of the settlement and the Settlement Hearing to all persons entitled to receive such Notice as Class Members, in full compliance with due process and the notice requirements of Rule 23(e) of the Federal Rules of Civil Procedure.

9. Any Class Member who wishes to be excluded from the Class must do so as provided in the Notice no later than September 14, 2007. Any person who does not timely request exclusion as provided in the Notice shall be included in the Class and bound by any Final Judgment and Order entered by the Court.

10. Any Class Member who objects to the Settlement, the class action determination (including the determination of adequacy of representation), the Final Judgment and Order to be entered herein, and/or the application for counsel fees, expenses and/or the incentive award for the Representative Plaintiffs, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Final Approval Hearing and present any evidence or argument that may be proper and relevant; *provided, however*, that no person other than Representative Plaintiffs, Class Counsel, and counsel for Defendant shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person shall be received and considered by the Court (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), unless, no later than September 14, 2007, such person causes a letter to be received by the Settlement Administrator, and submitted to the Clerk of this Court,

which clearly states (i) his/her name; (ii) his/her address; (iii) his/her intention to object; (iv) his/her social security number.

11. Any person who fails to object in the manner prescribed above shall be deemed to have waived such objection and shall be forever barred from raising such objection in this action or any other action or proceeding.

12. The parties will file papers in support of the proposed Settlement and the application for attorneys' fees, expenses and an incentive award for the Representative Plaintiffs with the Court no later than October 5, 2007.

13. Pending the Final Approval Hearing, Settlement Class Members are enjoined from bringing or asserting any claim or action that was or could have been asserted in the Action or that arise out of the Released Claims.

14. The Court reserves the right to adjourn the Settlement Hearing from time to time without further notice by adjournment announced in open court, and to approve the settlement and/or award of attorneys' fees and reimbursement of expenses to Class Counsel and other related matters at or after the Settlement hearing.

15. This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by Defendants concerning (1) any liability, fault, or wrongdoing by Defendant; or (2) the appropriateness of class certification for any purposes other than settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action. In that event, the certification shall be dissolved *ab initio* and all of the *status quo ante* rights of the parties shall be restored including,

but not limited to, Defendant's right to oppose certification of a class and/or the merits of Plaintiffs' claims on any grounds, legal or equitable. Neither the Settlement Agreement, nor any provision contained in the Settlement Agreement, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission or offered or received in evidence at any proceeding in this action or any other action or proceeding.

BY THE COURT

s/Michael M. Mihm
Michael M. Mihm
U.S. District Judge