**E-FILED**
Friday, 05 October, 2007  04:58:17 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| **GREGORY CHURCHILL, et al.** | : | |
| **on behalf of themselves and all** | : | |
| **other similarly situated individuals** | : | |
| | : | **Case No. 4:06-CV-4023** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FARMLAND FOODS, INC.,** | : | **CLASS ACTION** |
| | : | **Honorable Michael M. Mihm** |
| **Defendant.** | : | **U.S. District Judge** |
| | : | |

## BRIEF IN SUPPORT OF JOINT MOTION FOR
## FINAL APPROVAL OF SETTLEMENT

### I.    INTRODUCTION

Representative Plaintiffs Gregory Churchill, et. al., and Defendant Farmland

Foods, Inc., ("Farmland") by their respective undersigned counsel, hereby request that

the Court order final approval of a settlement pursuant to Rule 23 of the Federal Rules of

Civil Procedure.[1]

Significantly, the Clerk of Court did not receive a single objection to the proposed

settlement.  No Settlement Class Members have requested exclusion.

### II.    STATEMENT OF THE CASE

The background of the litigation and the essential terms of the settlement were

previously and fully summarized for this Court in the Memorandum of Law in Support of

the Parties' Joint Motion for Certification of Settlement Class and Preliminary Approval

of Settlement and Class Notice, which is incorporated herein by reference.  See Mem. of

---

[1] Class Counsel will be submitting a separate memorandum in support of Class Counsel's request for approval of the costs and fees award no later than October 8, 2007.  See Text Only Order granting Docket No. 39 (Oct. 3, 2007).

Law in Supp. of Joint Mot. for Settlement, at 2-4 (Docket No. 27) ("Preliminary Approval Mem.").

By an Order dated May 30, 2007, this Court: (i) granted the parties' joint motion for preliminary approval of the Settlement ("Preliminary Approval Order") of this class action; (ii) provisionally certified the Class for settlement purposes only; (iii) appointed the named plaintiffs as class representatives; (iv) appointed class counsel; (v) determined that the proposed settlement was fair, reasonable and adequate; and (vi) directed notice to the Class. See Docket No. 31.

Each Settlement Class Member's Class Notice was individualized and stated the amount they could expect to receive under the proposed settlement and explained how that amount was calculated. See Declaration of Shannon Elise McClure ¶ 2 ("McClure Decl."), attached hereto as Exhibit A. The Class Notice provided a mechanism for Settlement Class Members to challenge the hiring/termination dates or the calculation of the number of days worked for each allocation category. See McClure Decl. ¶ 8. On June 29, 2007, individualized Class Notices and Calculation of Days Worked ("Class Notice") were distributed to Employed Settlement Class Members by Farmland with employees' weekly paychecks. McClure Decl. ¶ 3. On July 23, 2007, Farmland filed a Notice of Compliance With Preliminary Approval Order and Declaration of Distribution of Class Notice executed by the Farmland employee who oversaw distribution, confirming that the Class Notice and Calculation of Days Worked was distributed to Employed Settlement Class Members in accordance with the Preliminary Approval Order. See McClure Decl. ¶ __. On July 16, 2007, individualized Class Notices were mailed to Formerly-Employed Settlement Class Members by BrownGreer, PLC, the

Class Administrator, as well as any Employed Settlement Class Members to whom Farmland was unable to distribute Class Notice. See McClure Decl. ¶ 5. The Class Notices were mailed to Formerly-Employed Class Members after the last known address provided by Farmland was updated through Lexis Nexis. See McClure Decl. ¶ 5. On August 6, 2007, Farmland filed a Notice of Compliance With Preliminary Approval Order and Declaration of Mailing of Class Notice executed by the Class Administrator, confirming that the Class Notice and Calculation of Days Worked was mailed to Formerly-Employed Settlement Class Members in accordance with the Preliminary Approval Order. See McClure Decl. ¶ __.

The Class Notice directed Settlement Class Members to submit objections to the settlement and requests for exclusion to the Clerk of Court for the Central District of Illinois. See McClure Decl. ¶ 7. Challenges to hiring/termination dates or calculation of days worked were to be submitted to BrownGreer PLC. See McClure Decl. ¶ 8. Settlement Class Members were directed to send any questions to Class Counsel by contacting BrownGreer PLC, and BrownGreer PLC would forward to Class Counsel any questions received. See McClure Decl. ¶ 7.

No Settlement Class Members submitted challenges to the calculation of days worked or the hiring/termination dates listed in their Class Notice. See McClure Decl. ¶ 12. One Settlement Class Member, Ms. Afeafa A. Eklou wrote to BrownGreer PLC requesting payment under the settlement because she did not receive her Class Notice. The amount that Ms. Eklou requested in her letter, $43.83, was actually for a lesser amount than she is scheduled to receive under the settlement. Ms. Eklou will be paid $60.10 if the settlement is approved.

No Settlement Class Members objected to the settlement.  <u>See</u> McClure Decl. ¶ 9. BrownGreer PLC received no questions for Class Counsel from Settlement Class Members regarding the settlement.  <u>See</u> McClure Decl. ¶ 10.  No Settlement Class Member requested exclusion from the settlement.  <u>See</u> McClure Decl. ¶ 11.

Farmland and BrownGreer attempted to distribute a total of 2,288 Class Notices to Settlement Class Members.  295 Class Notices were ultimately returned as undeliverable with no forwarding address information.  <u>See</u> McClure Decl. ¶ 13.  Thus, 1,993 Settlement Class Members qualify as "Claimants" pursuant to Paragraph 7 of the Settlement Agreement because they did not request exclusion from the settlement and their Class Notices were not returned as undeliverable.  <u>See</u> McClure Decl. ¶ 14.

Pursuant to Paragraph 7(a) of the Settlement Agreement, final adjustments were made to address the distribution of funds which had been intended for Settlement Class Members whose Class Notice was returned as Undeliverable Mail or who opted out of the Settlement.  <u>See</u> McClure Decl. ¶ 15.  These adjustments ensure that the full Net Settlement Fund is distributed to Class Members.  These adjustments also satisfied the Step #2 process set forth in Paragraph 7(b) of the Settlement Agreement.  <u>See</u> McClure Decl. ¶ 15.  After BrownGreer PLC made these adjustments, BrownGreer calculated new payment totals for Claimants for the four periods specified in Paragraph 7(a) of the Settlement Agreement.  The payment amounts for each category were increased as follows:  (i) $.60825; (ii) $.03713; (iii) $20.08; and, (iv) $20.08.  <u>See</u> McClure Decl. ¶ 16.

IV.    <u>**LEGAL ARGUMENT**</u>

As preliminarily found by the Court, the Class satisfies all of the perquisites of

Rules 23(a) and in addition satisfies at least one of the subdivisions of Rule 23(b).  As previously discussed in the motion for preliminary approval, certification of this Settlement Class is warranted.  Preliminary Approval Mem. at 4-11.

A class action may not be compromised or settled without approval of the court. In evaluating whether to grant final approval to the settlement, the court considers the risk of establishing liability and damages; the range of reasonableness of the settlement in light of the best possible recovery; the range of reasonableness of the settlement in light of all the attendant risks of litigation, including but not limited to the risks of maintaining a class action through trial and appeal; the complexity, expense, and likely duration of litigation; the state of the proceedings and the amount of discovery completed; the recommendations of competent counsel; and the reaction of the class to the settlement. Each of these issues was fully briefed in the memorandum of law in support of preliminary approval, which is incorporated herein by reference.  See Preliminary Approval Mem. at 11-23.

A district court should approve a settlement if it is "fundamentally fair, adequate and reasonable" in light of the circumstances of the case.  Bailey v. Great Lakes Canning, Inc. 908 F.2d 38, 42 (6th Cir. 1990).  This Court has already found that the settlement is fair, reasonable and adequate.  The fact that no Settlement Class Members have objected to the settlement nor sought exclusion supports this Court's prior finding.

IV.    **CONCLUSION**

WHEREFORE, the parties jointly and respectfully request that the Court preliminarily approve the settlement and enter the proposed Preliminary Approval Order. Dated:  October 5, 2007

- 5 -

Respectfully submitted,


"s"/Brian P. McCafferty
Brian P. McCafferty, Esq.
Kenney Egan McCafferty & Young
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
(610) 940-9099
(610) 940-0284 (fax)
*Plaintiffs' Class Counsel*

"s"/Andrew R. Woltman
Richard T. Greenberg, Esq.
Andrew R. Woltman, Esq.
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL  60601
(312) 849-8100
(312) 849-3690 (fax)

Shannon E. McClure, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100
(215) 851-1420 (fax)
*Counsel for Farmland Foods, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew R. Woltman, an attorney, hereby certify that on October 5, 2007, I caused a copy of the foregoing Joint Motion for Final Approval of Settlement and Brief in Support thereof to be filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court system. I also hereby certify that I have provided notice of this filing by placing a copy in the United States Mail, proper postage prepaid, before 5:00 pm on October 5, 2007.

Jairus M. Gilden
2711 Eastwood Avenue
Evanston, IL 60201

Brian P. Kenney
Brian P. McCafferty
Eric L. Young
Philip A. Downey
Kenney Egan McCafferty & Young
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462

Michael Hamilton
Provost Umphrey Law Firm LLP
Suite 380
One Burton Hills Blvd
Nashville, TN 37215

<u>s/Andrew R. Woltman</u>
Andrew R. Woltman, Esq.
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL  60601
312.849.8100
312.849.3690 (fax)

E-FILED
Friday, 05 October, 2007  04:58:25 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **GREGORY CHURCHILL, et al.** | : | |
| **on behalf of themselves and all** | : | |
| **other similarly situated individuals** | : | |
| | : | **Case No. 4:06-CV-4023** |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **FARMLAND FOODS, INC.,** | : | **CLASS ACTION** |
| | : | **Honorable Michael M. Mihm** |
| **Defendant.** | : | **U.S. District Judge** |
| | : | |

**DECLARATION OF SHANNON ELISE MCCLURE**

I, Shannon Elise McClure, counsel for Defendant Farmland Foods, Inc. ("Farmland") state as follows:

1.      My name is Shannon Elise McClure.  My business address is Reed Smith LLP, 2500 One Liberty Place, 1650 Market Street, Philadelphia, PA 19103.  I am co-counsel for Defendant Farmland in the above-captioned matter.

2.      The Class Notices and Calculations of Days Worked ("Class Notice") were individualized.  Each Class Notice stated the amount each specific Settlement Class Member could expect to receive under the proposed settlement and explained how the amount was calculated.

3.      On June 29, 2007, individualized Class Notices were distributed to Employed Settlement Class Members by Farmland.  <u>See</u> Declaration of Frank Trani and BrownGreer PLC Report at 1, attached hereto as Exhibit 1 ("BrownGreer Rep.").

4.      On July 23, 2007, Farmland filed a Notice of Compliance With

Preliminary Approval Order and Declaration of Distribution of Class Notice executed by

the Farmland employee who oversaw distribution, confirming that the Class Notice and

Calculation of Days Worked was distributed to Employed Settlement Class Members in

accordance with the Preliminary Approval Order. See Docket No. 35.

     5.     On July 16, 2007, individualized Class Notices were mailed to Formerly-

Employed Settlement Class Members by BrownGreer, PLC, the Class Administrator, as

well as any Employed Settlement Class Members to whom Farmland was unable to

distribute Class Notice. See BrownGreer Rep. at 1-2. The Class Notices were mailed to

Formerly-Employed Class Members only after the last known address provided by

Farmland was updated through Lexis Nexis' address update program. See BrownGreer

Rep. at 1.

     6.     On August 6, 2007, Farmland filed a Notice of Compliance With

Preliminary Approval Order and Declaration of Mailing of Class Notice executed by the

Class Administrator, confirming that the Class Notice and Calculation of Days Worked

was mailed to Formerly-Employed Settlement Class Members in accordance with the

Preliminary Approval Order. See Docket No. 36.

     7.     The Class Notice directed Settlement Class Members to submit objections

to the settlement and requests for exclusion to the Clerk of Court, Central District of

Illinois. See BrownGreer Rep. at 3. Settlement Class Members were directed to send

any questions to Class Counsel by contacting BrownGreer PLC, and BrownGreer PLC

would forward to Class Counsel any questions received. See BrownGreer Rep. at 3.

     8.     The Class Notice also provided a mechanism for Settlement Class

Members to challenge the hiring/termination dates or the calculation of the number of

days worked for each allocation category by sending notice to BrownGreer.  See BrownGreer Rep. at 2.

9.    No Settlement Class Members objected to the settlement.  See BrownGreer Rep. at 3.

10.    BrownGreer PLC received no questions for Class Counsel from Settlement Class Members regarding the settlement.  See BrownGreer Rep. at 3.

11.    One Settlement Class Member, Ms. Afeafa A. Eklou, whose Class Notice was returned as undeliverable, wrote to BrownGreer requesting inclusion in the settlement, and stating that she was entitled to $43.83.  Pursuant to Farmland's records and BrownGreer's calculations, Ms. Eklou is actually entitled to $60.10 under the Settlement.  Ms. Eklou is being considered a Claimant under the Settlement Agreement and will be paid $60.10 if the settlement is approved.  See BrownGreer Rep. at 3.

12.    BrownGreer PLC received no challenges to the calculation of days worked or the Settlement Class Members' hiring/termination dates, as stated in the Class Notices. See BrownGreer Rep. at 2-3.

13.    Farmland and BrownGreer attempted to distribute a total of 2,288 Notices to the Class.  295 Class Notices were returned as undeliverable with no forwarding address information.  See BrownGreer Rep. at 2.

14.    1,993 Settlement Class Members qualify as "Claimants" pursuant to Paragraph 7 of the Settlement Agreement because they did not request exclusion from the settlement and their Class Notices were not returned as undeliverable.  See BrownGreer Rep. at 3.

15.    Pursuant to Paragraph 7(a) of the Settlement Agreement, final adjustments

- 3 -

were made to address the distribution of funds which had been set aside for Settlement

Class Members whose Class Notice was returned as Undeliverable Mail or who opted out

of the Settlement.  These adjustments ensure that the full Net Settlement Fund is

distributed to Class Members.  These adjustments also satisfied the Step #2 process set

forth in Paragraph 7(b) of the Settlement Agreement.  See BrownGreer Rep. at 3-4.

16.    After BrownGreer PLC made the adjustments specified in Paragraph 10,

BrownGreer calculated new payment totals for Claimants for the four periods specified in

Paragraph 7(a) of the Settlement Agreement.  The payment amounts for each category

were increased as follows:  (i) $.60825; (ii) $.03713; (iii) $20.08; and, (iv) $20.08.  See

BrownGreer Rep. at 4.

I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct pursuant 28 U.S.C. § 1746.

Dated: October 5, 2007

SHANNON ELISE MCCLURE

- 4 -

**E-FILED**
Friday, 05 October, 2007  04:58:40 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **GREGORY CHURCHILL, et al.** | : | |
| **on behalf of themselves and all** | : | |
| **other similarly situated individuals** | : | |
| | : | **Case No. 4:06-CV-4023** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FARMLAND FOODS, INC.,** | : | **CLASS ACTION** |
| | : | **Honorable Michael M. Mihm** |
| **Defendant.** | : | **U.S. District Judge** |
| | : | |

**DECLARATION OF FRANK TRANI**

I, Frank Trani, of BrownGreer PLC ("BrownGreer"), state as follows:

1.     My name is Frank Trani.  My business address is BrownGreer PLC, 115 S. 15th Street, Suite 400, Richmond, VA 23219.  BrownGreer is the Claims Administrator for the settlement of the above-captioned action.

2.     I prepared the attached report pursuant to the Settlement Agreement paragraph 18.

3.     The attached report is a true, complete and correct document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant 28 U.S.C. § 1746.

Dated: October 5, 2007

_FRANK TRANI_
FRANK TRANI

# BROWNGREER ‖ PLC

115 S. 15th Street
Suite 400
Richmond, Virginia 23219
(804) 521-7200

## REPORT OF SETTLEMENT CLAIMS ADMINISTRATOR
### *Gregory Churchill et al. v. Farmland Foods, Inc.*

## SUMMARY OF NOTICE DISTRIBUTION, RETURNED MAIL AND PAYMENT CALCULATIONS

### OCTOBER 5, 2007

FOR ASSISTANCE, PLEASE CONTACT:

ORRAN L. BROWN
(804) 521-7201
obrown@browngreer.com

FRANK J. TRANI
(804) 521-7212
ftrani@browngreer.com

# Table of Contents

**Page**

I.     **Notice to Current Employees** ........................................................ 1

II.    **Lexis Nexis Address Updates** ..................................................... 1

III.   **Notice to Former Employees** ..................................................... 2

IV.   **Notices Returned as Undeliverable** ........................................ 2

V.    **Challenge, Objections and Exclusions Received** ................ 2

      A.    Challenges ........................................................................ 2

      B.    Objections........................................................................ 3

      C.    Exclusions ....................................................................... 3

VI.   **Remaining Claimants Eligible for Payment** ....................... 3

VII.   **Calculating Final Payment Amounts** .................................... 3

This Report summarizes the status of all Notices that were distributed to active and former Farmland Foods, Inc. ("Farmland") employees under the terms of the Preliminary Approval Order, dated May 30, 2007. This Report also summarizes final claimant payment calculations.

## I.    **Notice to Current Employees.**

Using the final list of active employees provided by Farmland, we formatted the Notice to include personalized information, including any and all Employee ID numbers, any and all Hiring and Termination dates, Social Security Number, total time worked, and the estimated benefit due if the settlement is approved. We then had the Notices printed and we mailed them to Farmland on 6/26/07 in sealed envelopes. Farmland handed the Notices out along with the weekly paycheck on 6/29/07 as follows:

| 1. | **Notices Printed and Mailed to Farmland on 6/26/07** | **1,135** |
|---|---|---|
| 2. | **Notices Handed Out by Farmland on 6/29/07** | 1,048 |
| 3. | **Notices Not Handed Out for Employees Since Terminated** | 64 |
| 4. | **Notices Not Handed Out for Employees on Leave** | 23 |

On 7/2/07 Farmland returned to us the list of 64 employees to whom the company was unable to hand out the Notice because they had since terminated employment at Farmland, and the list of 23 employees to whom the company was unable to hand out the Notice because they were on leave. We added these names to the list of employees to whom the Notice would be mailed.

## II.    **Lexis Nexis Address Updates.**

We sent a Notice mailing list (the 64 employees who did not receive the Notice at the plant, plus 1,153 former employees) to Lexis Nexis on 7/5/07 for the addresses to be updated, as required by the Settlement Agreement. We received the following results on 7/6/07:

| 1. | **Addresses Submitted to Lexis Nexis on 7/5/07** | **1,217** |
|---|---|---|
| 2. | **Employees Matched and Address Updated** | 814 |
| 3. | **Employees Matched and Address Confirmed** | 385 |
| 4. | **Employees Not Matched** | 18 |

We used the updated addresses returned by Lexis Nexis as Notice mailing addresses, while for the employee records that were confirmed or not found we continued to use the address provided by Farmland as the mailing address.

### III.  Notice to Former Employees.

On 7/16/07, we mailed the Notice to 1,240 individuals.   These Notices were mailed to the 1,153 Former Employee names provided by Farmland, plus the 64 Employees who did not receive Farmland's dispersal of the Notice at the plant, and the 23 Class Members on Leave:

| 1. | Notices Mailed to Individual Employees on 7/16/07 | 1,240 |
|----|---------------------------------------------------|-------|
| 2. | Former Employees | 1,153 |
| 3. | Notices Not Handed Out for Employees Since Terminated | 64 |
| 4. | Notices Not Handed Out for Employees on Leave | 23 |

### IV.  Notices Returned as Undeliverable.

Of the 1,240 Notices that were mailed out on 7/16/07, a total of 313 have been returned as undeliverable.  We have received forwarding address information for 18 of the 313 returned Notices.  We remailed the Notices to these 18 individuals.   Thus, there are 295 undeliverable Notices for which we have no forwarding address information.

| 1. | Notices Returned as Undeliverable | 313 |
|----|-----------------------------------|-----|
| 2. | Undeliverable Notices Mailed to Updated Address | 18 |
| 3. | Undeliverable Notices with no Forwarding Address | 295 |

### V.  Challenges, Objections and Exclusions Received.

Section 7 of the Settlement Agreement states that any Class Member wishing to challenge the hiring and/or termination dates or other employment information, as stated in the Class Notice, must send a challenge letter to the Settlement Administrator.   Sections 9 and 10 of the Settlement Agreement state that any Class Member wishing to object to, or be excluded from the Settlement, must send such a letter to the Clerk of the Court.   The following is a summary of any such letters received:

### A.  Challenges.

Of the 2,288 Notices that were distributed either by hand or by mail, no Class Members submitted a letter challenging any of the employment information listed on their Notices (i.e. hiring and/or termination dates).  The applicable deadlines for Class Members to submit a challenge letter (8/1/07 for active employees, 8/15/07 for former employees) have now passed. Note that we received one letter from a Class Member (Afeafa A. Eklou) that was styled as a challenge, but upon further inspection we determined that it was most appropriately

2

characterized as a general question rather than an actual challenge letter. The Class Member had prepared the letter because she did not receive a copy of her original Notice (it was returned by the U.S. Postal Service as undeliverable). Once we obtained her updated address from her letter, we were able to re-mail her Notice. The amount that Ms. Eklou requested in her letter, $43.83, was actually for a lesser amount than she is scheduled to receive under the settlement. She will be paid $60.10, the greater amount, if the settlement is approved. A copy of her letter is provided as an attachment to this Report.

### B.    Objections.

Of the 2,288 Notices that were distributed either by hand or by mail, it is our understanding that no Class Members submitted a letter to the Clerk of the Court objecting to the Settlement. The deadline for Class Members to object (9/14/07) has now passed.

### C.    Exclusions.

Of the 2,288 Notices that were distributed either by hand or by mail, it is our understanding that no Class Members submitted a letter to the Clerk of the Court requesting to be excluded from the Settlement. The deadline for Class Members to request exclusion (9/14/07) has now passed.

Additionally, Settlement Class Members were directed to send any questions for Class Counsel by contacting BrownGreer PLC, and we would then would forward to Class Counsel any questions received. No such questions for Class Counsel were received.

### VI.    Remaining Claimants Eligible for Payment.

Of the 2,288 Notices distributed either by hand or by mail, less the 295 Notices that were returned as undeliverable with no forwarding address, there are 1,993 claimants remaining eligible for payment:

| 1. | **Total Notices Distributed by Hand or by Mail** | **2,288** |
|----|--------------------------------------------------|-----------|
| 2. | **Less Notices Undeliverable with no Forwarding Address** | 295 |
| 3. | **Total Remaining Claimants Eligible for Payment** | 1,993 |

### VII.    Calculating Final Payment Amounts for Claimants Remaining Eligible for Payment.

As previously described in this Report, 295 Class Member Notices were returned as undeliverable with no forwarding address. Thus, there are a total of 295 individuals from the Farmland list of current and former employees that will not receive a final Settlement payment. The total Settlement amount originally credited to these 295 individuals was $49,122.25. The total amount originally credited to the 1,993 remaining claimants eligible for payment was $601,960.21.

3

Section 7 of the Settlement Agreement establishes that after reducing the original Settlement Fund ($977,000) by the reasonable amounts necessary to cover the Attorneys' Fees and Cost Award and Farmland's share as employer of any applicable employment taxes, the balance of the Settlement Fund (the "Net Settlement Fund") shall be distributed to any Class Members who do not exclude themselves from the Settlement, and either are Class Members currently employed at Farmland, or are former employees whose Notice has not been returned as undeliverable.   After reducing the Settlement Fund amount to factor in the Attorneys' Fees and Cost Award amount (33%) and estimated employer taxes (7.65%), the applicable "Net Settlement Fund" amount is $604,514.

Section 7.b of the Settlement Agreement then describes "Step #2" of the payment calculation, which addresses the distribution of funds which have been set aside for individuals whose Notice has been returned as undeliverable or who have opted out of the Settlement, less the above-referenced reductions for Attorneys' Fees and Cost Awards and employer taxes.

Following the sample Step #2 calculation listed in Section 7.b of the Settlement Agreement, each individual's final payment amount is to be calculated in the following manner: Net Settlement Fund x (Individual's Original Payment Amount ÷ Value of All Remaining Claimants) = Individual's New Payment Amount.   By way of further example, assuming a claimant was originally credited with a payment amount of $600, the new payment amount would be calculated as follows:  $604,514 x ($600 ÷ $601,960.21) = $602.55.

We have applied this same methodology across the board to the 1,993 claimants remaining eligible for payment.  In doing so, we have likewise updated the values for the four payment "buckets" that apply to the remaining 1,993 claimants.   These are the four payment "buckets" described on page 4 of the Class Notice.  After removing the 295 claimants not eligible for payment from the Farmland spreadsheet, the final values of the four "buckets" are as follows:  **(i) $0.60825; (ii) $0.03713; (iii) $20.08; and (iv) $20.08**.

4

E-FILED
Friday, 05 October, 2007  04:58:55 PM
Clerk, U.S. District Court, ILCD

# ATTACHMENT TO

# EXHIBIT A-1

Saturday, August 11, 2007

Afeafa A. Eklou

East Moline, IL

The Settlement Administrator
At Farmland Foods, Inc.
Settlement, BrownGreen PLC,
115 S. 15th Street, Suit 400,
Richmond, VA 23219

I am writing regarding Gregory Churchill, et al., v Farmland Foods, Inc et al., Case No. 4:06-CV-4023.
I was employed by Farmland in its Monmouth, Illinois pork processing plant from 06/05/2006 to 040/29/2007; therefore I am qualified to be considered part of, and to receive proceeds from the settlement.
Based on the time framed I was employed by Farmland, the amount of money I am eligible to receive is computed as follow:

| | Settlement Periods | Rate | Period worked | | Number of days | Total |
|-------|--------------------|------------|---------------|--------------|----------------|----------|
| Cat A | 10/29/03 to 07/31/06 | $ 0.60568 | June 5, 2006 | July 31, 2006 | 56 | $  33.92 |
| Cat B | 08/01/2006 to 02/08/07 | $ 0.03697 | August 1, 2006 | April 29, 2007 | 268 | $  9.91 |
| Cat C | currently employed | $20.00 | | | 0 | |

Total claimed=  $  43.83

Attached are my first and last pay stubs to serve as supporting documentations for my claim. Please let me know if my computations are accurate.

Sincerely

AFEAFA EKLOU

**REDACTED**

# Earnings Statement

**Farmland**

CO. 9NU  FILE 013125  DEPT. 108319 MON  CLOCK 00008955658  NUMBER 2737 1

FARMLAND FOODS, INC.
ATTN: PAYROLL DEPARTMENT
POST OFFICE BOX 12121
KANSAS CITY, MISSOURI 64195-0121

Period Ending: 06/11/2006
Pay Date: 06/15/2006

**ADP**

AFEAFA A EKLOU

EAST MOLINE IL

Taxable Marital Status:
Exemptions/Allowances:
Federal: 1
IL:

Social Security Number: XXX-XX-6046

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 11.2000 | 16.74 | 187.48 | |
| **Gross Pay** | | | **$187.48** | 187.48 |

| Deductions | | this period | year to date |
|---|---|---|---|
| **Statutory** | | | |
| Social Security Tax | | -11.62 | 11.62 |
| Medicare Tax | | -2.72 | 2.72 |
| IL State Income Tax | | -4.47 | 4.47 |
| **Net Pay** | | **$168.67** | |

Your federal taxable wages this period are $187.48

©2001 Automatic Data Processing, Inc.

HERE

REDACTED

**Farmland**

CO. FILE DEPT. CLOCK NUMBER
9MU 013125 108319 MDNST 0001082334 1 2721

FARMLAND FOODS, INC.
ATTN: PAYROLL DEPARTMENT
POST OFFICE BOX 20121
KANSAS CITY, MISSOURI 64195-0121

# Earnings Statement

Period Ending: 04/29/2007
Pay Date: 05/03/2007

Taxable Marital Status:
Exemptions/Allowances:
  Federal: 1
  IL: 1

Social Security Number: XXX-XX-6046

**AFEAFA A EKLOU**

EAST MOLINE IL

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 13.2500 | 18.00 | 238.50 | |
| **Gross Pay** | | | **$238.50** | 10,290.48 |

| Deductions | Statutory | | | |
|---|---|---|---|---|
| | Federal Income Tax | -0.68 | 700.27 |
| | Social Security Tax | -14.02 | 624.29 |
| | Medicare Tax | -3.27 | 146.00 |
| | IL State Income Tax | -5.63 | 281.30 |
| | | | |
| | **Other** | | |
| | Dpnt Life | -0.39 | 6.63 |
| | Laundry | -2.25 | 38.25 |
| | N-Tx Dntl | -4.00* | 69.85 |
| | N-Tx Medical | -8.50* | 151.50 |
| | Supplies | | 2.25 |
| | **Net Pay** | | **$199.76** |

\* Excluded from federal taxable wages
Your federal taxable wages this period are $226.00

©2001 Automatic Data Processing, Inc.

AR HERE

**REDACTED**

ADP.