E-FILED
Thursday, 20 December, 2007  04:19:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GREGORY CHURCHILL, et al. on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FARMLAND FOODS, INC.,<br><br>Defendant. | Case No. 4:06-CV-4023<br><br>CLASS ACTION<br>Honorable Michael M. Mihm<br>U.S. District Judge |

JOINT MOTION FOR MODIFICATION OF THE
METHOD OF CHECK DISTRIBUTION TO
EMPLOYED SETTLEMENT CLASS MEMBERS

Representative Plaintiffs Gregory Churchill, et. al., and Defendant Farmland Foods, Inc., ("Farmland") by their respective undersigned counsel, hereby request that the Court approve a modification of the method of check distribution to Employed Settlement Class Members.

1. This Court granted Preliminary Approval of the Amended Settlement Agreement on May 30, 2007 (Document No. 31).

2. Class Notices were distributed to Class Members in accordance with the Amended Settlement Agreement and Preliminary Approval Order (Document Nos. 35, 36).

3. This Court granted Final Approval to the Settlement on October 19, 2007 (Document No. 46).

4. This Court retained jurisdiction over the interpretation, enforcement and implementation of the Amended Settlement Agreement (Document No. 47).

5. The Amended Settlement Agreement states that checks to Employed Settlement Class Members will be distributed at the plant, with the employees' regular paychecks:

    a. The Amended Settlement Agreement states that "Farmland will distribute Class Notices and checks to the remaining Employed Settlement Class Members along with distribution of regular Farmland paychecks." Amended Settlement Agreement ¶ 7(d) (Document No. 30, Exh. 1).

    b. The Settlement Agreement also provides that in the event that there are funds remaining after the initial check distribution and after reimbursement for Settlement Costs, those remaining funds "will be distributed in equal amounts to all Employed Settlement Class Members who are still employed by Farmland." Amended Settlement Agreement ¶ 5 (Document No. 30, Exh. 1).

6. Farmland and the Class have agreed that the checks to Employed Settlement Class Members may be distributed by United States first-class mail, rather than by hand at the plant. Distribution by United States first-class mail will reduce the potential for any disruption of the plant's normal activities.

7. Farmland and the Class respectfully request that this Court enter the attached Proposed Order, which provides that:

Class Administrator BrownGreer PLC will distribute checks to

Employed Settlement Class Members via United States first class mail. Checks will be mailed no later than January 4, 2008. In the event that any check is returned as undeliverable on or before February 4, 2008, BrownGreer and Farmland, in their sole discretion, will either (a) update the Class Member's address via the United States Postal Service or by use of the Lexis/Nexis address scrub program and re-mail the check to the updated address, or (b) distribute the check to the Class Member by hand at the plant. For all checks returned as undeliverable after February 4, 2008, Farmland will attempt to distribute the check to the Class Member at the plant. If the Class Member is no longer employed by Farmland, BrownGreer and Farmland will attempt to update the Class Member's address via the United States Postal Service or by use of the Lexis/Nexis address scrub program and re-mail the check to the update address. In the event that the check cannot be distributed by hand at the plant because the Class Member is no longer employed by Farmland, and the Class Member's address cannot be updated by the United States Postal Service or through use of the Lexis/Nexis address scrub program, the check will not be re-mailed.

This method of check distribution applies to the initial distribution as set forth in paragraph 7 of the Amended Settlement Agreement, as well as the Second Distribution to Employed Settlement Class Members, as defined in Paragraph 5 of the Amended Settlement Agreement.

8.  Farmland will bear the costs associated with this change in distribution method.

9.  No other provision in the Amended Settlement Agreement is affected by this Joint Motion.

WHEREFORE, the parties jointly and respectfully request that the Court enter the attached Proposed Order modifying the method of distribution of checks to Employed Settlement Class Members.

Dated: December 20, 2007

        s/Brian P. McCafferty
        Brian P. McCafferty, Esq.
        Kenney Egan McCafferty & Young
        3031C Walton Road, Suite 202
        Plymouth Meeting, PA 19462
        (610) 940-9099
        (610) 940-0284 (fax)
        *Plaintiffs' Class Counsel*

        s/Andrew R. Woltman
        Richard T. Greenberg, Esq.
        Andrew R. Woltman, Esq.
        McGuireWoods LLP
        77 W. Wacker Dr., Suite 4100
        Chicago, IL 60601
        (312) 849-8100
        (312) 849-3690 (fax)

        Alan K. Cotler, Esq.
        Shannon E. McClure, Esq.
        Reed Smith LLP
        2500 One Liberty Place
        1650 Market Street
        Philadelphia, PA 19103
        (215) 851-8100
        (215) 851-1420 (fax)
        *Counsel for Farmland Foods, Inc.*

## CERTIFICATE OF SERVICE

I, Andrew R. Woltman, an attorney, hereby certify that on December 20, 2007, I caused a copy of the foregoing Joint Motion for Modification of the Method of Check Distribution to Employed Settlement Class Members to be filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court system. I also hereby certify that I have provided notice of this filing by placing a copy in the United States Mail, proper postage prepaid, before 5:00 pm on December 20, 2007.

Jairus M. Gilden
2711 Eastwood Avenue
Evanston, IL 60201

Brian P. Kenney
Brian P. McCafferty
Eric L. Young
Philip A. Downey
Kenney Egan McCafferty & Young
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462

Michael Hamilton
Provost Umphrey Law Firm LLP
Suite 380
One Burton Hills Blvd
Nashville, TN 37215

                                            s/Andrew R. Woltman
                                            Andrew R. Woltman, Esq.
                                            McGuireWoods LLP
                                            77 W. Wacker Dr., Suite 4100
                                            Chicago, IL  60601
                                            312.849.8100
                                            312.849.3690 (fax)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GREGORY CHURCHILL, et al. on behalf of themselves and all other similarly situated individuals **Plaintiffs,** v. FARMLAND FOODS, INC., **Defendant.** | Case No. 4:06-CV-4023 CLASS ACTION Honorable Michael M. Mihm U.S. District Judge |

### PROPOSED ORDER

**AND NOW**, this ___ day of December, 2007, upon consideration of the Joint Motion for Modification of the Method of Check Distribution to Employed Settlement Class Members, it is **ORDERED** that the motion is **GRANTED** and the method of check distribution to Employed Settlement Class Members is **MODIFIED** as follows:

Class Administrator BrownGreer PLC will distribute checks to Employed Settlement Class Members via United States first class mail. Checks will be mailed no later than January 4, 2008. In the event that any check is returned as undeliverable on or before February 4, 2008, BrownGreer and Farmland, in their sole discretion, will either (a) update the Class Member's address via the United States Postal Service or by use of the Lexis/Nexis address scrub program and re-mail the check to the updated address, or (b) distribute the check to the Class Member by hand

at the plant. For all checks returned as undeliverable after February 4, 2008, Farmland will attempt to distribute the check to the Class Member at the plant. If the Class Member is no longer employed by Farmland, BrownGreer and Farmland will attempt to update the Class Member's address via the United States Postal Service or by use of the Lexis/Nexis address scrub program and re-mail the check to the update address. In the event that the check cannot be distributed by hand at the plant because the Class Member is no longer employed by Farmland, and the Class Member's address cannot be updated by the United States Postal Service or through use of the Lexis/Nexis address scrub program, the check will not be re-mailed.

This method of check distribution applies to the initial distribution as set forth in paragraph 7 of the Amended Settlement Agreement, as well as the Second Distribution to Employed Settlement Class Members, as defined in Paragraph 5 of the Amended Settlement Agreement.

No other provision in the Amended Settlement Agreement is affected by this Court Order.

BY THE COURT

_____
Honorable Michael M. Mihm
United States District Judge